Hartman *v.* Heady *et al.*

---

HARTMAN *v.* HEADY ET AL.

57 [45
153 688

INJUNCTION.—*Enjoining Lawsuit.*—Legal proceedings will not, as a general rule, be enjoined on grounds of which the defendant therein may avail himself in defence of such action.

SAME.—*Threats.*—Threats made by the plaintiff in an action, that he will bring other actions against the defendant, afford no ground to the latter to enjoin the further prosecution of such action.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane,* for appellant.

*W. Garver* and *J. S. Losey,* for appellees.

WORDEN, J.—Charles W. Heady, as trustee of Delaware Township, in Hamilton county, sued Hartman, as supervisor of one of the road districts of the township, before Sidney Cropper, a justice of the peace of the township, to recover a penalty of ten dollars, as authorized by statute, (1 R. S. 1876, p. 861, sec. 25,) for failure, on notice, to open and work a highway, established by order of the board of commissioners of the county. Thereupon, Hartman commenced this action in the circuit court, against both Heady and Cropper, the justice, to enjoin the prosecution of the action before the justice, on the ground that the road was too indefinitely described to be valid, and that the order of the board of commissioners was a nullity.

A temporary restraining order was granted, but was afterward set aside, and a demurrer to the complaint, for want of sufficient facts, was sustained. A motion

was made by the plaintiff to reinstate the temporary restraining order, but this motion was overruled.

The errors assigned are upon the ruling below, in sustaining the demurrer to the complaint, and in overruling the motion to reinstate the temporary restraining order.

We are of opinion that the rulings were right. We perceive no ground on which Heady, as such trustee, should have been enjoined from prosecuting his action against Hartman. If the road was not sufficiently described, or if, for any other cause, the order of the board of commissioners, establishing the same, was void, the fact could have been shown in defence of that action. There was no need whatever of a resort to an injunction. It is said by an elementary writer, that " The most frequent ground for refusing relief by injunction against a suit at law is that the defence urged may be used in the action at law itself, without resort to equity. And it may be laid down as a general rule that legal proceedings will not be enjoined on grounds of which the person aggrieved may avail himself in defence of the action at law." High Injunctions, p. 31, sec. 46.

But it is claimed that an injunction ought to be granted in order to prevent a multiplicity of suits. It is alleged in the complaint, that " the defendant Heady gives out in speeches that he will, as such trustee, continue to repeat said prosecutions, from time to time, until the directions contained in said order are complied with, and said supposed public highway opened up for travel."

We do not see that threats to bring other actions afford any ground for enjoining the prosecution of the one already commenced. We have seen, that, if the order of the board of commissioners was a nullity, the defendant in the original action could have defended on that ground ; and if that action shall proceed to trial, and the defence be established, the record of that action would bar other actions for the same cause. .

The judgment below is affirmed, with costs.