Palmer v. Hayes et al.

No. 11,131.

PALMER v. HAYES ET AL.

INJUNCTION.—*Complaint to Enjoin Prosecution of Action.*—A complaint to enjoin the prosecution of a pending suit against the plaintiff, which is based on facts which, if true, constitute a good defence to that suit, is bad on demurrer.

| 93 | 189 |
| 153 | 688 |
| 93 | 189 |
| 155 | 406 |
| 93 | 189 |
| 162 | 669 |

From the Kosciusko Circuit Court.

*C. Clemans*, for appellant.

*A. G. Wood* and — *Brubaker*, for appellees.

ELLIOTT, J.—The material allegations of the appellant's complaint are, in substance, that in April, 1876, the appellant received from Henry W. Hayes a chattel mortgage to secure the payment of two notes amounting in the aggregate to $500; that judgment was rendered on one of the notes April 12th, 1876, before John W. Stinson, a justice of the peace; that William Hayes and John Galbreath became replevin bail on the judgment, and thereupon appellant cancelled his mortgage to the extent of the judgment; that Henry W. Hayes was then a bankrupt, having been so adjudged; that he failed to pay the second of the two notes, and the appellant instituted an action of replevin for the property described in the mortgage, to which he made Henry W. Hayes, William Hayes and John Galbreath defendants, and obtained a judgment against all of the parties, wherein it was adjudged that he was the owner and entitled to the possession of the mortgaged property; that the parties above named dispute the appellant's title to the property under the judgment, and assert that he holds it under an agreement; that in November, 1878, John Galbreath and William Hayes filed a complaint before the justice named above, to have the judgment on which they had entered bail satisfied, and that the action resulted in a judgment in favor of the appellant; that afterwards the appellant secured the revival of the judg-

ment and an execution thereon, and that after the execution was issued Henry W. Hayes, filed a complaint to have the judgment entered satisfied. The complaint does not state what the result of this last action before the justice was, but avers that it was appealed, and that the appeal is pending in the circuit court. It is, however, averred that the causes set forth in the complaint of Henry W. Hayes were the same as those set forth in the complaint of the replevin bail; that Henry W. Hayes was a witness in and managed and conducted the suit of the replevin bail; that the same matters were involved in that suit as in the one brought by Henry W. Hayes, and that they were fully litigated and adjudicated in the suit brought by the replevin bail. The prayer of the complaint is that the appellee Henry W. Hayes be enjoined from prosecuting his action, and that the judgment in favor of appellant be decreed to be in full force.

Conceding, but by no means deciding, that Henry W. Hayes is bound by the judgment rendered in the action brought by William Hayes and John Galbreath, there is still no cause of action stated in the present complaint. Proceedings of a court at law are never enjoined where the court has jurisdiction to afford complete relief, and where the party has full opportunity to make good the defence. If the appellant has an adjudication in his favor binding Henry W. Hayes, he can fully avail himself of it by answer to the complaint in the action brought by Hayes. If, in fact, the appellant can show that Hayes has no right to the relief sought by his complaint in that action, there is ample opportunity for relief in the court where the action is pending.

The court did right in adjudging the complaint bad.

Judgment affirmed.

Filed Jan. 29, 1884.