Martin v. Orr et al.

Filed June 3, 1884.

* * *

No. 11,318.

MARTIN v. ORR ET AL:

INJUNCTION.—*Enjoining Lawsuit.—Defence.*—The defendant can not, as a general rule, enjoin the prosecution of legal proceedings upon grounds of which he might avail himself in the defence of such proceedings.

From the Fountain Circuit Court.

*T. F. Davidson,* for appellant.

*J. McCabe, L. P. Miller* and *C. M. McCabe,* for appellees.

HOWK, J.—This was a suit by the appellant, Martin, against the appellees, in a complaint of five paragraphs. The sep-

arate and several demurrers of the appellees to each of the paragraphs of complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, were sustained by the court to the first, second and third paragraphs, and to each of these rulings the appellant excepted. Thereupon he withdrew his fifth and sixth paragraphs of complaint, and, declining to amend the first, second or third paragraphs thereof, judgment was rendered against him for appellees' costs.

Errors are assigned here by the appellant, which call in question the decisions of the circuit court, in sustaining the appellees' demurrers to each of the first, second and third paragraphs of his complaint.

In the first paragraph of his complaint, the appellant alleged that on March 1st, 1876, he with others executed to the appellee John M. Carnahan a promissory note, of which the following is a copy:

"ATTICA, IND., March 1, 1876.

"One year after date, we promise to pay to John M. Carnahan, guardian of Robert E. Orr and Lawrence Orr, six hundred dollars, value received, without any relief from valuation or appraisement laws, ten per cent. per annum.

(Signed) "F. YERKES,
"WM. L. D. COCHRAN,
"A. L. WHITEHALL,
"EDMOND COCHRAN.
"JAMES MARTIN.(security)."

That appellant was a security on such note for the other makers, and received no part of the consideration; that Franklin Yerkes was the principal debtor, and the other makers were his sureties, and that these facts were known to Carnahan, when he took the note; that after the maturity of the note, in March, 1877, appellant gave to and served upon said Carnahan, who was then the owner and holder of the note, a written notice to forthwith institute an action upon the note against the makers thereof; that Carnahan did not institute an action on the note, as required by such notice,

until the 15th day of August, 1877, on which day he commenced suit on the note against the makers thereof, and, on September 26th, 1877, he obtained a judgment by default against such makers in the court below; that, after obtaining such judgment, the appellee Carnahan did not proceed with diligence to take out execution thereon, but delayed so to do until the 17th day of November, 1877, and thereafter failed to prosecute such execution or to cause the same to be levied on the property of the principal debtor; that the said Yerkes was then and has been since a resident of Fountain county, and had therein at the rendition of such judgment, and for six months thereafter continued to have, ample property, subject to execution, to satisfy the same.

And the appellant averred that the co-appellees of said Carnahan claimed to have acquired some title to or interest in such judgment, and that they with Carnahan were threatening to cause an execution to issue on such judgment against the appellant's property, and that Carnahan and his co-appellees were then prosecuting a motion for leave to issue execution on such judgment; that in a proceeding, duly commenced in the court below at its May term, 1883, wherein the appellant was plaintiff, and the said Franklin Yerkes was the defendant, it was then duly adjudged by the court that the appellant was a surety only of Yerkes in the aforesaid judgment; that appellant was the owner of real estate in Fountain county, and that said judgment was an apparent lien thereon and a cloud upon his title thereto. Wherefore the appellant prayed the court to enjoin the appellees, and each of them, from taking out any execution upon such judgment against him or his property, and from the further prosecution of their motion for leave to issue execution, and for a decree declaring the judgment discharged and of no effect as to him, and for other proper relief.

The second paragraph of the complaint differs from the first paragraph only in this, that it omits the averment that Yerkes had, in Fountain county, at the rendition of the judg-

ment, and for six months thereafter continued to have, ample property subject to execution to satisfy the judgment.

The third paragraph of the complaint contains all the facts stated in the first paragraph, with some other allegations in relation to the property of Yerkes, the principal debtor.   In the view we take of this case, it is unnecessary for us to give the substance even of these additional allegations.

In each of the paragraphs of his complaint the appellant sought to enjoin the suit or proceeding instituted by the appellees in the court below against him and the other judgment defendants, and then pending and undetermined, to obtain the leave of the court to issue an execution on such judgment. In such suit or proceeding it would seem to be clear that the court in which it was pending had ample jurisdiction to hear the matters complained of by the appellant in this case, so far as material, and afford all such relief in the premises, legal or equitable, as the facts established would warrant.   The appellees' suit or proceeding, of which the appellant complains in this case, was fully authorized by the statute; and there can be no doubt, we think, that upon hearing of that suit he could have obtained all the relief he now seeks, to which the facts in evidence might show he was entitled.   This was apparent upon the face of each paragraph of complaint in the case in hand.   There was no necessity, therefore, for the institution of this suit by the appellant.

In High on Injunctions, p. 31, section 46, it is said:   "The most frequent ground for refusing relief by injunction, against a suit at law, is that the defence urged may be used in the action at law itself without resort to equity.   And it may be laid down as a general rule that legal proceedings will not be enjoined on grounds of which the person aggrieved may avail himself in defence of the action at law."   This general rule has been recognized and acted upon by this court.   *Hartman* v. *Heady*, 57 Ind. 545.   In the recent case of *Palmer* v. *Hayes*, 93 Ind. 189, the rule is thus stated:   "Proceedings

of a court at law are never enjoined, where that court has jurisdiction to afford complete relief, and where the party has full opportunity to make good the defence."

Applying the rule under consideration to the facts stated by the appellant in each paragraph of his complaint, it is manifest, we think, that no substantial error was committed by the court in sustaining appellees' demurrers to each of such paragraphs.   For it was shown in each paragraph of his complaint that the court had jurisdiction to afford appellant complete relief in the appellees' suit mentioned therein, and that upon the hearing of that suit the grounds upon which he relied, in the case at bar, were available to him as matter of defence.   The judgment is affirmed with costs.

