BOARD OF COMMISSIONERS OF WAYNE COUNTY ET AL.
v. DICKINSON.

[No. 18,647.   Filed May 23, 1899.   Rehearing denied Jan. 9, 1900.]

COUNTY COMMISSIONERS.—*Contracts.*—*Injunction.*—An action by a taxpayer to annul a contract entered into by the board of commissioners employing a person on a commission or percentage to discover and report property omitted from taxation, and to enjoin payment thereunder, cannot be maintained, since §7853 Burns 1894 provides an adequate legal remedy by requiring such claimant to file his account in the commissioners' court ten days before the beginning of the term, and gives any taxpayer the right to appear and contest the claim.

From the Wayne Circuit Court.   *Reversed.*

*F. L. Littleton, F. M. Smith, H. A. Lee* and *L. M. Grimes,* for appellants.

*T. J. Study* and *L. D. Stubbs,* for appellee.

JORDAN, C. J.—Appellee commenced this action on the 8th day of September, 1897, to secure a judgment in the lower court declaring null and void a certain contract entered into between the board of commissioners of the county of Wayne and appellant, Mayberry M. Lacey, and perpetually enjoining said board, together with the county auditor and county treasurer, from ordering the payment of any money, or from drawing a warrant upon the county treasury, and from paying any money therefrom to said Lacey for services rendered by him under said contract; and also perpetually enjoining Lacey from receiving any order or warrant from either the board of commissioners or the county auditor, or from receiving any money whatever from the county treasurer in payment of his services already rendered and thereafter to be rendered under or pursuant to such contract.

The complaint discloses that the plaintiff is a taxpayer

of Wayne county, Indiana, and the defendants, other than Lacey, are the board of commissioners, the auditor, and treasurer of said county; that on April 17, 1897, the board of commissioners made and entered of record the following order: "Whereas, it appears to the board of commissioners of the county of Wayne, that there is large amount of money due the county of Wayne and State of Indiana, on account of taxes due on omitted, concealed, and unassessed taxable property in other counties and states, which property has been falsely, fraudulently, and unlawfully concealed from the proper officers of said county, and the said officers are unable to discover the same, the taxes upon which falsely, fraudulently, and unlawfully concealed taxable property are lawfully due the said county of Wayne, and State of Indiana, and whereas, the said board of commissioners finds that an indispensable public necessity exists for the employment of an experienced and competent person to make diligent search in other counties and states for such omitted, concealed, and unassessed taxable property which property has been falsely, fraudulently, and unlawfully concealed from the proper officers of said county, and such officers are unable to discover the same or to go to other counties and states to attempt a discovery of the same, the taxes upon which property are lawfully due the said county of Wayne and State of Indiana. And, it appearing, and the said board believing it to be to the best interest of said Wayne county, and the State of Indiana, that such a search be made, and that it is impossible for the officers of Wayne county to make such a search, and it appearing to the board that M. M. Lacey, of Fountain City, Wayne county, Indiana, is an experienced and competent person in searching for and finding such concealed, omitted, and unassessed taxable property, it is therefore ordered by the board of commissioners of the county of Wayne that said M. M. Lacey be and he is hereby authorized, employed, and directed to make diligent and careful search in such other counties and states as he may deem fit for

omitted, concealed, and unassessed taxable property, the taxes upon which are lawfully due the said county of Wayne, and State of Indiana, and upon discovery thereof to faithfully, honestly, and impartially report the same to the county auditor or county assessor who shall proceed as directed by the statute of the State of Indiana, in such cases made and provided, to assess said property and enter the same on the tax duplicate then in the hands of the county treasurer for collection."

In pursuance of and under this order, on the same day, the board entered into a written contract or agreement with appellant, Lacey, which contract was spread of record immediately following the above order. By the terms of this contract said board employed him to make a careful and diligent search in counties other than Wayne in this and other states to discover "omitted, concealed, and unassessed taxable property" liable to taxation in Wayne county, Indiana. Appellant Lacey, under this contract, agreed upon his part to make a careful and diligent search for such property and honestly and impartially to report the same to the auditor or assessor of Wayne county for assessment and entry on the tax duplicate of that county. It was further stipulated in the contract that Lacey was to receive and be paid for his said services a compensation equal to twenty-five per cent. of the amount of taxes collected upon such omitted property, discovered and reported by him and collected through his efforts. Nothing, however, was to be due or payable to him as a compensation for his services until the taxes on the property discovered and reported by him had been collected and paid into the county treasury; and he was to bear all expenses incurred in discovering such property and placing the same on the tax duplicate.

It appears from the complaint that before the commencement of this action, appellee, Lacey, had rendered services under the contract in question by discovering and reporting the same to the proper authorities of Wayne county, a large

amount of alleged omitted property subject to taxation in said county, which services resulted in such property being placed on the tax duplicate, and a large amount of taxes, in favor of Wayne county and the State of Indiana, were accordingly assessed by the proper tax officials against said property.

The prayer of the complaint is that the court adjudge the contract void and that an injunction be awarded the plaintiff, perpetually enjoining the defendants from paying the appellee, Lacey, any money whatever claimed to be due him under said contract, etc. The complaint was held sufficient over the separate demurrers of each of the defendants, and judgment, as heretofore mentioned, was rendered upon demurrer. The sufficiency of the complaint is the only question presented for our consideration. The pleading seems to be based on or proceeds upon the theory that the order of the board of commissioners, and the contract in question thereunder, are void for the reason that each is beyond either the express or implied powers of said board.

It is insisted by counsel for apppellee that in the administration of county affairs, the board of commissioners has no power to employ persons to search within or without the county for omitted taxable property and report the same, if discovered, to the proper authorities for taxation, for the reason, as urged, that the law has cast the duty of discovering and assessing such property, if liable to taxation, upon certain designated county officials other than the county commissioners. Aside from the question as to the right or power of the board to bind the county under this contract, counsel for appellants contend that, under the facts set out in the complaint, the plaintiff is not shown to be entitled to any equitable relief. The board of commissioners of Wayne county, in making the order and in employing appellant, under the contract executed in pursuance thereof, was acting, or at least assuming to act, under the provisions of §5766 R. S. 1881 and Horner 1897, §7853 Burns 1894.

This section reads as follows: "The board of county commissioners shall, unless in cases of indispensable public necessity, to be found and entered of record as part of its orders, make no allowance not specifically required by law to any county auditor, clerk, sheriff, assessor or treasurer, either directly or indirectly, or to any clerk, deputy, bailiff or any employe of such officer; nor shall they, except in cases above provided, employ any person to perform any duty required by law of any officer, or for any duty to be paid by commission or percentage. For a violation of these provisions, each member of such board favoring the same shall be guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than double nor more than five times the amount of such allowance, to which may be added imprisonment in the county jail for any period not more than sixty days, and the office of such commissioner shall be declared forfeited. If it be found necessary, and so entered of record, to employ any person to render any service as contemplated in this section, as a public necessity, the contract for such employment shall be spread of record in said court; and, for such services rendered, the claimant shall file his account in said court ten days before the beginning of the term, and any taxpayer shall have the right to contest the claim."

It appears that the contract in dispute had been executed by and between the board of commissioners and the appellant almost five months prior to the time that appellee instituted this action, and appellant had rendered services thereunder, for which he was claiming that the money, the payment of which appellee in this action seeks to enjoin, was due and owing to him from Wayne county. The statute above set out, as it will be seen, expressly requires a claimant, for services rendered by contract thereunder with the board of commissioners, to file his account for allowance in the commissioners' court ten days before the beginning of the term; and any taxpayer of the county is expressly given the

right to contest such claim in that court.   It is evident, therefore, that, under the provisions of this statute, before appellant in this case can be paid or receive out of the county treasury any money for services performed by him, under the employment in controversy, he must first file an account or claim for the same with the board of commissioners, as provided, and in addition to the general right given to the county in its corporate entity to contest the allowance and payment of such claim, appellee, or any other taxpayer of the county, has the undisputed right to appear before the board and contest, upon any legitimate grounds, the allowance of such claim, and if not successful in defeating it before the board, an appeal will lie to the circuit court under the law governing appeals to such court from boards of commissioners.

By the statute in question, appellee is certainly furnished a plain, specific, and adequate legal remedy by which he may challenge the power or right of the board of commissioners to employ appellant to render the services in controversy, and may also invoke or avail himself of all other legitimate grounds in contesting the allowance of appellant's claim before the board, or in the circuit court, in the event of an appeal.   The rule is elementary that equity will not assume jurisdiction nor award relief where there exists a complete and adequate remedy at law.

Conceding, without deciding, that, providing the grounds upon which the order of the board and the contract thereunder are assailed in this action can be maintained, an injunction at the instance of appellee, as a taxpayer, would have been granted to prevent the board and appellee from originally entering into the contract or from carrying out its provisions, still the facts disclose such unexcused laches on the part of the plaintiff as will deny him favorable consideration in a court of equity where the laches of a suitor, as a general rule, receives no favor.

As heretofore stated, five months had virtually elapsed since the execution of the contract, and appellant had rendered services thereunder and was, it seems, preparing to present his claim to the county for payment in the manner provided by the statute, as we must presume, before appellee instituted this action for equitable relief. The effect of the judgment sought and obtained herein is to enjoin appellant from prosecuting his alleged claim, under the contract, against Wayne county and from receiving payment thereof.

We have stated that the grounds interposed in this action for defeating appellant's claim, together with any other legitimate ones, may be invoked by appellee in contesting the claim before the board of commissioners. It is asserted, as a general rule, that legal proceedings will not be enjoined upon grounds of which the complaining party may avail himself in defense of the action at law.

Without passing upon the real merits of the controversy, we are of the opinion that appellee, under the facts revealed by his complaint, is not shown to be entitled to equitable relief, for the reason, at least, that he has a complete and adequate remedy at law afforded him by the provisions of a positive statute of which he may easily avail himself. Consequently, he can not, under the circumstances, be permitted to invoke the harsh remedy of injunction. The following authorities, and many others, support the rule which we enforce. *Hartman* v. *Heady*, 57 Ind. 545; *Palmer* v. *Hayes*, 93 Ind. 189; *Caskey* v. *City of Greensburgh*, 78 Ind. 233; *Martin* v. *Orr*, 96 Ind. 27; *Jones* v. *Cullen*, 142 Ind. 335; High on Injunction (2nd ed.), §29.

The demurrer to the complaint, for the reasons stated, ought to have been sustained. The judgment is therefore reversed, and the cause remanded to the lower court with instructions to sustain appellant's demurrer to the complaint.