McKee v. Town of Pendleton.

---

## McKEE ET AL. v. TOWN OF PENDLETON ET AL.

[No. 19,181. Filed May 29, 1900.]

MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessment of Costs.—Front-Foot Rule.—Injunction.*—A street improvement proceeding whereby it is proposed to assess the total costs of the improvement to the abutting property according to the front-foot rule, regardless of the special benefits accruing from the improvement, and largely in excess thereof in some instances, is not authorized by any statute in force in this State, and may be enjoined by any person affected by the improvement.

From the Madison Circuit Court. *Reversed.*

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellants.

*E. B. Goodykoontz, G. M. Ballard* and *B. H. Campbell,* for appellees.

HADLEY, J.—This is an action to enjoin the trustees of the town of Pendleton from entering into a contract for the improvement of a street known as North Pendleton avenue.

It is averred, in substance, in the complaint that on the 9th day of February, 1899, the board of trustees passed a declaratory resolution for the improvement of North Pendleton avenue from the bridge across Fall creek to the north line of the C. C. C. & St. L. railroad and the sidewalks along said street between said points according to plans and specifications on file with the town clerk; that said board of trustees proposes to improve said street by grading and paving with brick the full width of the roadway, and by grading and paving with cement the sidewalks, and by placing a stone curb along the outer line of the sidewalks; that the trustees intend to, and will, contract for said improvement, if not enjoined, at a cost of $3.50 per lineal foot of the entire length of said street on each side thereof, and propose to pay for said improvement by adding to the total cost of the improvement the other expenses of the proceedings, and dividing the total thus obtained by the whole number of lineal feet on each side of said street, and by multiplying, by the result thus obtained, the number of lineal feet in each lot and parcel abutting on said street—the sum so arrived at to be the cost to each lot and tract bordering on said street, the town paying for the street and alley crossings in the same proportions; that the cost of said improvement will be thus apportioned without any reference to accruing benefits to the several lots and lands abutting on said street, and without taking into consideration any other fact than the total cost of said improvement and the equal distribution thereof to each front foot irrespective of benefits; that the special benefits resulting from the proposed improvement will not exceed $1.50 per lineal front foot on the average of all, and will not benefit the lots and lands owned by the plaintiffs, and each of them, more than one-half the sum proposed to be assessed against them as above set forth; that it will not benefit the lot owned by the plaintiff, Mary C. Brown, in any sum whatever; that it will not benefit the lot owned by the plaintiff, W. C.

Bryant, to exceed fifty cents per foot; that the total special benefits to all the bordering lots and lands will not exceed one-half the total cost of said improvement; that the cost to 597 feet of unimproved land adjoining the bank of Fall creek will be more than the entire value of said land after the completion of said improvement; that the actual special benefits resulting from said proposed improvement will be unequal, and three times greater to certain abutting lots described than to others described.

Appellees' demurrer to the complaint was sustained, and, appellants refusing to plead further, judgment was rendered against them from which this appeal is prosecuted. The action of the court in sustaining the demurrer to the complaint is called in question. Appellees have filed no brief. It is nowhere alleged in the complaint that appellees intend to accomplish the proposed improvement under the provision of the statute commonly known as the Barrett law. It is alleged that the town intends to, and will, if not enjoined, contract for the improvement at a sum largely in excess of the total special benefits accruing therefrom to the abutting property, and proposes to, and will, assess the total cost equally to each front foot irrespective of the question of benefits accruing from the improvement; that the actual benefits to the several lots and lands bordering on the street will be unequal; that to some lots there will result no benefit; that to others the actual benefits will be three times greater than the average benefit to the whole line of lots and lands.

Appellees' demurrer admits these averments to be true. If true, appellees intend to exercise a power not conferred by any statute in force in this State (*Adams* v. *City of Shelbyville*, *ante*, 467), and are liable to be enjoined by any person affected. *City of Fort Wayne* v. *Shoaff*, 106 Ind. 66; *Town of Hardinsburg* v. *Cravens*, 148 Ind. 1; *City of Terre Haute* v. *Evansville, etc., R. Co.*, 149 Ind. 174, 37 L. R. A. 189; *Adams* v. *City of Shelbyville*, *ante*, 467.

The complaint is sufficient to put the town upon its answer

as to its intent. Judgment reversed with instructions to overrule the demurrer to the complaint.

Baker, C. J., concurs in the result.

### CONCURRING OPINION.

BAKER, C. J.—I think that on the facts stated in the complaint appellants are entitled to an injunction, (1) because the acts done and threatened by appellees are the acts provided for in the Barrett law which I find to be unconstitutional; and (2) because the averments in reference to the town's being in debt beyond the constitutional limit and having no cash nor unpledged revenues, show that appellants as general taxpayers are entitled to have the town and its officers enjoined from entering into a contract for improvements, of which the cost for street and alley crossings (and, as the majority hold, an indefinite sum beyond) would be a liability against the town.