## DEFREES *v.* FERSTL ET AL.

[No. 19,285.    Filed May 29, 1900.]

From the St. Joseph Circuit Court.    *Reversed.*

*T. E. Howard* and *J. G. Orr,* for appellant.

*G. E. Clarke* and *A. L. Hubbard,* for appellees.

HADLEY, J.—Appelles, citizens and property owners in South Bend, brought this action to enjoin the appellant from carrying out the contract set out in the complaint, according to which contract appellant was to construct a brick pavement on certain streets in said city. It is alleged in the complaint that the plaintiffs own lots abutting on the proposed improvement; that said city is a municipal corporation; that on December 11, 1899, the common council by a two-thirds vote passed a resolution declaring the existence of a necessity for the improvement, defining the kind, size, location, and terminal points thereof, ordering the city clerk to give ten days' notice thereof by two weeks' publication, and that property owners along the line of the proposed improvement should file objections to the necessity for the same with the city clerk at any time before 7:30 p. m. on January 8, 1900,—said improvement to be executed as provided by an act of

the General Assembly approved March 8, 1889, and acts amendatory thereto; that the total cost of said improvement which will be assessed against the property bordering on the same, will be $8,000; that the cost to each front foot will be $6.40; that on January 8, 1900, the common council, by ordinance, ordered said improvement to be made, and authorized the mayor to enter into a contract therefor with the defendant (appellant), providing for partial estimates for completed work, and when the same should be allowed, and for full payment, and for the issuance by the city of bonds in anticipation of the collection of assessments to be made on abutters, etc., "all in accordance with the act of the General Assembly providing for street and sewer improvements in cities and towns, approved March 8, 1889, and acts amendatory thereto"; that on February 1, 1900, the mayor of said city, in accordance with the authority conferred by the common council, contracted with the defendant for the execution of said improvement, and that the latter has executed his bond and will proceed with the work if not enjoined; that if the plaintiffs are assessed with their proportion of the total cost of said improvement, according to the provisions of the act of 1889, they will thereby be deprived of their property without due process of law and in violation of the fourteenth amendment to the Constitution of the United States and of the Constitution of the State of Indiana.

Appellant's demurrer to the complaint for insufficiency of facts was overruled, and he, refusing to answer further, a judgment perpetually enjoining him from the performance of his said contract was rendered, from which he appeals.

In their brief, appellees thus state their sole contention: "That the State of Indiana, through the so-called Barrett law, threatens to deprive appellees of their property without due process of law, contrary to the fourteenth amendment to the Constitution of the United States;" and their complaint and argument proceed upon the theory that the act of March 8, 1889, requires the assessment of the total cost of an improvement against the entire frontage equally per lineal foot irrespective of the question of benefits received, and that no hearing is provided for persons affected upon the question of special benefits.

Appellant insists that the Barrett law does not provide a "hard and fast rule" for frontage assessments, and that by section seven of said act such a hearing is provided that in every case the final assessment, as made by the common council, shall be on the basis of actual benefits received, and hence not in conflict with the federal or State Constitution.

The point in controversy has been fully considered by this court in the recent case of *Adams* v. *City of Shelbyville, ante,* 467, and ruled in favor of appellant's contention; and upon the authority of that case we hold that the complaint does not state facts sufficient to

Defrees *v.* Ferstl.

entitle appellees to the relief prayed. If the improvement is accomplished in accordance with the provisions of the act of 1889, as alleged in the complaint it will be, there exists for it full authority of law and no ground for injunction.

Judgment reversed, and cause remanded with instructions to sustain appellant's demurrer to the complaint.

Baker, C. J., dissents.

## DISSENTING OPINION.

BAKER, C. J.,—For the reasons stated in my dissenting opinion in *Adams* v. *City of Shelbyville, ante*, 467, I think that the Barrett law as enacted and also as now construed is unconstitutional.

But, independently of the question whether the Barrett law provides for special assessments according to frontage or according to special benefits actually received, I think the property owners in this case should not be held to be remediless. If the acts done and threatened by the city are in contravention of those principles on which all the members of this court agreed in the Adams-Shelbyville case, the property owners should be entitled to an injunction against the city and the contractor who claims under the city,—even though the city and contractor *claim* to be acting in accordance with the Barrett law as now construed. The pretense of acting under a statute is of no avail, if the acts done and threatened are in fact unlawful. The complaint sets forth the declaratory and authorizing ordinances under which the contract in question was made. These declare that the work is to be done under the Barrett law and ordinance number 966 of the city. Neither this ordinance nor the contract is set forth, and it may be that their purport is not sufficiently averred; but, as I understand the pleading, the property owners allege that under the ordinance and contract the city and contractor are undertaking, threatening, and claiming the right, to fasten the whole cost of the improvement, except for street and alley crossings, upon the abutting property at a uniform rate per front foot.

Further, I understand from the complaint, though it is not alleged with very great clearness, that the city claims the right and intends to issue improvement bonds to provide for the total cost of the improvement, and either to sell them or deliver them to the contractor in payment for his work. It has uniformly been held that the city incurs no personal liability as maker on street improvement bonds. The reason, of course, is that the bonds represent only the liens on the abutting property. If the city were permitted to issue bonds to pay for street and alley crossings, or for that indefinite sum which the majority hold the city may be called upon to pay, the city would necessarily be the maker of such bonds and would be primarily and

solely liable thereon. But there seems to be no provision for such bonds in the Barrett law.

The contractor would have some difficulty in foreclosing the lien represented by such bonds. I think that the only bonds provided for in the Barrett law are those issued in anticipation of the collection of such assessments as have been divided into ten annual instalments by the action of the property owners in signing waivers of illegality and irregularities. Section seven, as modified by the act of March 3, 1893, Acts 1893 p. 283, requires that all assessments against property whose owners do not sign waivers shall be paid "in full when made," and provides for placing only the assessments against property whose owners do sign waivers on the city tax duplicate in ten annual instalments. The bonds are made payable in ten annual payments out of the fund derived from the assessments put upon the tax duplicate. And it is bonds, "for the purpose of anticipating the collection of *such* assessments," that the city is empowered, under section eight, to issue. The property owners, as citizens and general taxpayers, certainly have the right to an injunction against the issuance of any street improvement bonds except those authorized by the statute, namely, those issued after the waivers are signed, for an amount not exceeding such deferred assessments.

Again, the appellees ask an injunction because the city is incurring a debt and is already indebted beyond the constitutional limit. As, under the decisions, no debt of the city results from the contract except upon the completion and final estimate of the work, or as estimates therefor may be made from time to time, it may be that the complaint does not show with sufficient particularity that the city will be unable to pay out of the current revenues of the city its ordinary current expenses as well as its part of the expense of the improvement of the street. *Quill* v. *City of Indianapolis,* 124 Ind. 292, 7 L R. A. 691; *City of Laporte* v. *Gamewell, etc., Co.,* 146 Ind. 466; *Cason* v. *City of Lebanon,* 153 Ind. 567.