TAYLOR *v.* CITY OF CRAWFORDSVILLE.

[No. 19,149.   Filed November 1, 1900.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Injunction.*—An action will not lie to enjoin a city from proceeding with a street improvement because of a statement in the declaratory resolution that the city will assess the total cost of the improvement against the abutting property without reference to the question of benefits, where the resolution provided that the improvement should be made under the provisions of the act of 1889 (Acts 1889, p. 237), known as the Barrett law, which gives to the abutting property owner the right to be heard before a tribunal empowered, and in duty bound, to adjust all questioned assessments to the basis of actual special benefits received by the improvement.

From the Montgomery Circuit Court.   *Affirmed.*

*H. H. Ristine, T. H. Ristine* and *Harold Taylor,* for appellant.

*C. Johnston* and *W. H. Johnston,* for appellee.

HADLEY, J.—This is an action by appellant to restrain the appellee from proceeding with the improvement of a part of Plum street, recently opened through her land.

The complaint, being in a single paragraph, among other things, in substance avers that the plaintiff was the owner of real estate in the city of Crawfordsville eighty-two and one-half feet in width fronting on Wabash avenue and 370 feet deep; that in 1899 the city extended and opened Plum street from Wabash avenue to Main street and in so doing

passed over and appropriated for the purpose of said street a strip fifty-feet in width and 370 feet in length of the plaintiff's said land, leaving thereof a strip twenty-one and one-half feet in width on the east side, and eleven feet in width on the west side of said Plum street, and abutting thereon; that in July, 1899, the common council, by more than a two-thirds vote of all its members, passed an ordinance to improve Plum street from Wabash avenue to Main street; and the declaratory resolution directing said improvement to be made is in these words: "Declaratory resolution number forty. Resolved, by the common council of the city of Crawfordsville, Indiana, that it is deemed necessary to improve Plum street from Wabash avenue to Main street by grading the roadway, and also by the construction of cement sidewalks five feet in width and cement curbing and gutters six inches thick and thirty inches wide. Said curbing and gutters and sidewalks to be constructed along both sides of said Plum street. All in accordance with profile and specifications on file in the office of the city civil engineer. The total cost of said improvement shall be assessed per lineal front foot upon the real estate abutting on said street improvements (except the portion thereof occupied by street and alley crossings, which shall be assessed against the city of Crawfordsville) said improvements, if waiver is filed, to be paid in ten annual instalments; a bond or bonds may be issued in anticipation of the collection of said assessments unless the property owners pay said assessments before said bond or bonds are issued, all as provided for in an act of the General Assembly of Indiana, approved March 8, 1889, and subsequent amendments thereof. The clerk is directed to advertise for bids." It is further averred that said common council are proceeding with and will accomplish said improvement if not restrained, under and by virtue of an act of the General Assembly of the State of Indiana, approved March 8, 1889, commonly known as the Barrett law; the

city engineer has advertised for bids for said work; there are no street or alley crossings within the limits of said 370 feet; the minimum cost of the improvement per lineal foot on each side of the street will be $1.50; the total cost to the plaintiff will be not less than $1,110, and the total value of the plaintiff's said property after the making of the improvements will not exceed $555; the city proposes to and will, if not restrained, make a contract for the making of said improvements, and will assess the total cost to the abutting property per lineal foot without reference to the question of benefits, and will assess and encumber the plaintiff's property with an amount more than double the amount of benefits received, and more than the total value of the property when improved, which will be a confiscation of her property and a taking thereof without just compensation in violation of the federal and state Constitutions.

The court sustained a demurrer to the complaint, and appellant refusing to amend, judgment was rendered against her. The only question presented by this appeal is the constitutionality of the act of March 8, 1889, and the things threatened thereunder as being in derogation of her rights guaranteed by the federal and state Constitutions.

In the recent case of *Adams* v. *City of Shelbyville,* 154 Ind. 467, we held that the act in question is not violative of either the federal or state Constitutions, and no reason has since occurred to us to lead to a change or modification of the views therein expressed.

The statements in the declaratory resolution and the averments of the complaint, that the city will assess the total cost of the improvement against the abutting property without reference to the question of benefits, and assess against the plaintiff's property an amount largely in excess of the benefits, cannot avail in support of injunction. It is a general rule that a defendant cannot enjoin the prosecution of illegal proceedings upon grounds which he may

make available as a defense in such proceedings. *Palmer* v. *Hayes,* 93 Ind. 189 ; *Martin* v. *Orr,* 96 Ind. 27 ; *Board, etc.,* v. *Dickinson,* 153 Ind. 682.

And for the same reason he should not be permitted to enjoin a threatened irregular and illegal step in the procedure of municipal improvement when there exists under the law regulating such procedure a right to have such irregularity corrected and rendered harmless.

Sections three, five, six, and seven of the Barrett law must be construed together, and so construed they give to the abutter an opportunity to be heard before a tribunal empowered, and duty bound, to adjust all questioned assessments to the basis of actual special benefits received by the improvement. See *Adams* v. *City of Shelbyville, supra.*

If appellant avails herself of this remedy she may avoid injury even though the primary allotment of the cost by the city engineer is placed at a sum greater than her benefits, and it is firmly settled in jurisprudence that where a party has a clear and adequate remedy at law he is denied the extraordinary remedy of injunction. *Ploughe* v. *Boyer,* 38 Ind. 113, 115 ; *Caskey* v. *City of Greensburg,* 78 Ind. 233, 238 ; *Smith* v. *Goodnight,* 121 Ind. 312, 315 ; *Martin* v. *Murphy,* 129 Ind. 464, 467.

In *McKee* v. *Town of Pendleton,* 154 Ind. 652, it was held that a complaint averring like acts and like intentions by town officers was sufficient to sustain injunction, but it should be noted that in the McKee case there was no averment that the officers had proceeded and would accomplish the improvement under the provisions of any law of this State, and that decision rests upon this ground.

The demurrer to the complaint was properly sustained. Judgment affirmed.

## DISSENTING OPINION.

BAKER, C. J.—I dissent. In the cases of *Adams* v. *City of Shelbyville,* 154 Ind. 467, and *City of Indianapolis* v. *Holt, ante,* 222, I have fully expressed my views regarding

the constitutionality of the street improvement laws of this State. I do not deem it needful to add anything to those views. But I desire to note the contrast between the present decision and that of *McKee* v. *Town of Pendleton,* 154 Ind. 652. In that case the town was threatening to construct a street improvement and collect the cost from the abutters by frontage. It was held that the complaint stated a good cause of action for injunction. In this case the complaint charges that the city is threatening to construct a street improvement and collect the cost from the abutters by frontage,—and further shows that the city claims that such procedure is authorized by the Barrett law. The city's demurrer to the complaint admitted the facts to be true that were well pleaded, and this includes the averments of intent. The plaintiff was bound by the statement of facts in her complaint, but not by her statement of her adversary's conclusions of law. The present decision holds an ordinance to be legal in which the city has determined upon an illegal method. Under the McKee case, *supra,* I think the ordinance of the city of Crawfordsville should be held unlawful. How can this court decide as a matter of law that the city will hereafter abandon its unlawful intent, admitted as a question of fact? Is it the presumption that the city, like the king, can do no wrong?