## TACKETT ET AL. *v.* STEVENSON.

[No. 18,961. Filed November 13, 1900.]

INJUNCTION.—*Legal Remedy.—Counties.—Contracts of Employment.—Accounts.* — An action by a taxpayer will not lie to enjoin the county commissioners from entering into a contract employing a person to prepare an index to certain county records, since §7853 Burns 1894, provides an adequate legal remedy.

From the Decatur Circuit Court. *Reversed.*

*Cortez Ewing* and *Davison Wilson,* for appellants.
*Hugh Wickens* and *J. E. Osborn,* for appellee.

BAKER, C. J.—Appellee, as a taxpayer of Decatur county, began this suit to annul, and to enjoin appellants from executing, a contract whereby the board of commissioners of Decatur county employed appellant Tackett to prepare a general index of certain records in the office of the clerk of the Decatur Circuit Court. The error assigned is the overruling of a demurrer to the complaint.

The commissioners were acting, or at least assuming to act, under §7853 Burns 1894, §5766 R. S. 1881 and Horner 1897. That section would require appellant Tackett to file his account with the board at least ten days before the beginning of the term at which he expected to demand pay for his services, and would afford appellee or any other taxpayer of the county the right to contest the claim before the board; and the statute providing for appeals from decisions of the board would furnish appellee, if unsuccessful before the board, an opportunity to be heard fully in the circuit court. Inasmuch as a plain and adequate legal remedy is provided by statute, that remedy must be pursued and injunction will not lie. *Board, etc.,* v. *Dickinson,* 153 Ind. 682.

Judgment reversed, with directions to sustain the demurrer to the complaint.