Martin v. Wills.

---

## MARTIN ET AL. *v.* WILLS ET AL.

[No. 19,348. Filed June 21, 1901.]

MUNICIPAL CORPORATIONS.— *Street Improvements.— Enforcement of Assessments.— Foreclosure.— Precept.— Barrett Law.—* Street improvement assessments may be collected by the contractor by precept issued by order of the common council of the city as provided by §4298 Burns 1894 or by foreclosure of the lien and sale of the property as provided in §4294 Burns 1894. *p. 154.*

SAME.—*Street Improvements.—Constitutional Law.—Barrett Law.—* The act of 1889 known as the Barrett law and the amendments thereto, providing for the apportionment of the costs of a street improvement upon the abutting lots according to their frontage, are not in conflict with any provision of the State or United States Constitution. *pp. 154, 155.*

From Boone Circuit Court; *J. V. Kent,* Judge.

Action by Charles G. Wills and others against Thomas H. Martin and others to enforce the lien of an assessment for a street improvement. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*T. J. Terhune* and *C. M. Zion,* for appellants.
*P. H. Dutch,* for appellees.

MONKS, C. J.—Appellees brought this action to enforce the lien of an assessment for a street improvement, under

the provisions of the act of 1889, and the amendments thereto, known as the Barrett law. The case was put at issue, and a trial by the court resulted in a special finding of facts, conclusions of law stated thereon, and judgment in favor of appellees enforcing said lien. The errors assigned, and not waived, are: (1) The court erred in overruling the demurrer to the amended complaint; (2) the court erred in sustaining the demurrer to the third paragraph of answer; (3) the court erred in the conclusions of law.

Appellants insist that the assessments for improvement under the Barrett law can only be collected by precept issued by order of the common council of the city, upon the filing of a proper affidavit of the contractor, as provided in §4298 Burns 1894, §6780 Horner 1897. It is true that a contractor may pursue the remedy provided in said section, but the assessments made against property for such improvements may also be collected by a foreclosure of the lien and sale of the property as provided in §4294 Burns 1894, §6777 Horner 1897. *Dowell* v. *Talbott Paving Co.,* 138 Ind. 675; *Bozarth* v. *Mallett,* 11 Ind. App. 417; *Bozarth* v. *McGillicuddy,* 19 Ind. App. 26.

The other objection urged to the amended complaint as well as the questions argued under the second and third errors assigned are predicated on the theory that the Barrett law and the amendments thereto are in violation of §§21 and 23 of article 1 of the Constitution of this State, and that they are also in violation of the fourteenth amendment of the federal Constitution, under the doctrine declared in *Norwood* v. *Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. Appellants contend that it was held by the Supreme Court of the United States in *Norwood* v. *Baker, supra,* that a law providing for the apportionment of the cost of the improvement of a public street upon the abutting lots according to their frontage without a hearing as to the special benefits to said property is in violation of the fourteenth amendment of the Constitution of the United States. Said Barrett law and the amendments thereto as

interpreted by this court are not obnoxious to any provision of the State or federal Constitution, even if the contention of appellants as to the holding in *Norwood* v. *Baker, supra,* is correct.   *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797; *Defrees* v. *Ferstl,* 154 Ind. 695; *City of Indianapolis* v. *Holt,* 155 Ind. 222; *Taylor* v. *City of Crawfordsville,* 155 Ind. 403; *Schaefer* v. *Werling,* 156 Ind. 704.

The Supreme Court of the United States, however, has held in a number of cases that no such rule as that asserted by appellants was declared in the case of *Norwood* v. *Baker, supra.*   In *Webster* v. *City of Fargo,* 21 Sup. Ct. 623, that court said: "But we agree  *  *  *  that it is within the power of the legislature of the state to create special taxing districts, and to charge the cost of a local improvement, in whole or in part, upon the property in said district, either according to valuation or superficial area or frontage, and that it was not the intention of this court in *Norwood* v. *Baker* to hold otherwise."

In *French* v. *Barber, etc., Co.,* 21 Sup. Ct. 625, it was held by the same court that a state law apportioning the entire cost of a street improvement upon the abutting lots according to their frontage, without any hearing as to the benefits, is not in violation of the fourteenth amendment to the Constitution of the United States.   The following cases decided by the Supreme Court of the United States on April 29, 1901, declare the same rule:   *City of Detroit* v. *Parker,* 21 Sup. Ct. 624; *Cass Farm Co.* v. *City of Detroit,* 21 Sup. Ct. 644; *Shumate* v. *Heman,* 21 Sup. Ct. 645; *Farrell* v. *Park Commrs.,* 21 Sup. Ct. 609; *Town of Tonawanda* v. *Lyon,* 21 Sup. Ct. 609.

Finding no error in the record, the judgment is affirmed.

## CONCURRING OPINIONS.

BAKER, J.—Appellants contend that the Barrett law not only conflicts with the fourteenth amendment of the federal Constitution, but also contravenes those provisions of our

State Constitution which forbid the taking of property without just compensation and due course of law.

In *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797, it was held that the principles applicable to assessments for local improvements are these: "The legislature may create, or authorize a municipality to create, a local taxing district for local improvement purposes, which includes part only of the property within the municipality; the legislature may declare conclusively that only the property within the taxing district shall be specially assessed on account of local improvement within that district; each parcel of contributing property may be assessed only to the extent that it actually receives special benefits; the taxing district as a whole may be assessed only to the extent of the sum of the special benefits actually received by the several parcels of contributing property; the improvement so far as its cost exceeds the special benefits resulting to the several parcels of property in the taxing district, is a benefit to the municipality at large, and such excess must be borne by the general treasury; property owners affected by an improvement, within a taxing district, are entitled to a hearing on the question of special benefits."

In the dissenting opinion in *Adams* v. *City of Shelbyville, supra,* no disagreement with these principles was expressed, but on the contrary they were fully concurred in. The only point of difference was whether the Barrett law did or did not afford the property owners a due opportunity to be heard on the question of special benefits as an issue of fact.

The right of the property owner to a hearing on the question of special benefits as an issue of fact was held to be guaranteed by the State and federal Constitutions. So far as the federal Constitution was concerned, it was taken that the controlling principles were stated in *Norwood* v. *Baker,* 172 U. S. 269. But the final and authoritative exposition of the federal Constitution and of the decisions of the Supreme Court of the United States in reference thereto must

come from that court. In a dissenting opinion in *City of Indianapolis* v. *Holt,* 155 Ind. 222, it was suggested that the Supreme Court of the United States might thereafter decide that a statute, providing ample notice of assessments by frontage and affording due opportunity to be heard on the question whether the assessments were equally and properly apportioned by frontage, but denying the property owner a hearing on the question of special benefits as an issue of fact, was not in conflict with the fourteenth amendment, but that, until then, the principles promulgated in *Norwood* v. *Baker, supra,* should be followed. And in *French* v. *Barber, etc., Co.,* 21 Sup. Ct. 625, and other concurrent decisions, that court has so decided and virtually overruled or construed away the Norwood-Baker decision. These later decisions are binding upon this court on the question of conflict between the street improvement laws of this State and the fourteenth amendment to the federal Constitution. But they have no compulsive force with respect to the construction of our State Constitution. How, then, does this case stand in the light of the guaranties of our Constitution? According to the principles announced in *Adams* v. *City of Shelbyville,* 154 Ind. 467, the appellants' property was not subject to assessment for street improvements except under a law that afforded them a hearing on the question of special benefits as an issue of fact. In the same case, it was held by a majority of the court that the Barrett law provided for such a hearing. And it is only on the basis that appellants were afforded their constitutional right to a hearing on the question of special benefits as an issue of fact under the Barrett law as construed by a majority of the court that I concur in the affirmance of the judgment.

HADLEY, J.—I concur in the result, and also in the reasoning, assuming that no inference arises from the opinion that the legislature may, under the provisions of our State Constitution, authorize the arbitrary assessment of special benefits by the front foot rule, and deny to the abutter a hearing and an adjustment on the basis of actual benefits.