## McKee et al. *v.* Town of Pendleton et al.

[No. 20,234.   Filed February 4, 1904.   Rehearing denied May 18, 1904.]

Municipal Corporations.—*Street Improvements.—Remonstrance.—Time of Filing.*—A remonstrance against the improvement of a street not filed until after the improvement was "advertised for contract" is too late. *pp. 668, 669.*

Same.—*Street Improvements.— Ordinance.—Front-foot Rule.*— An ordinance for a street improvement is not invalid because of a provision therein that the cost of the work should be assessed by the front-foot rule, since the ordinance must be read in connection with the statute. *pp. 669, 670.*

From Superior Court of Madison County; *H. C. Ryan*, Judge.

Injunction by Samuel M. McKee and others against the town of Pendleton and others. From a judgment for defendants, plaintiffs appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. A. Kittinger* and *W. S. Diven*, for appellants.

*L. V. Mays, M. A. Chipman, S. M. Keltener* and *E. E. Hendee*, for appellees.

Dowling, J.—The board of trustees of the town of Pendleton on June 27, 1901, by a vote of all its members, passed an ordinance for the improvement of one of the public streets of the said town, known as Pendleton street, by paving, curbing, and sidewalk paving. An advertisement that the contract for the work would be given to the best bidder on July 20, 1901, and asking proposals therefor, was published in a newspaper of the town, of general circulation, on June 28, July 5, July 12, and July 19, 1901. July 19, 1901, a written remonstrance, signed by two-thirds of the resident owners of the whole line of lots bordering on that part of the street upon which the improvement had been ordered, was filed with the clerk of said board. On the same day the appellants herein, six in number, residents of said town of Pendleton, and own-

ers of real estate bordering and abutting on said street, brought this suit against the town and its board of trustees to enjoin the construction of the said improvement. The principal grounds for such injunction stated in the complaint were (1) that, before the improvement was advertised for contract, a remonstrance, signed by the requisite proportion of the owners of lots bordering on the street ordered to be improved, resident on said street, was filed with the clerk of the board of trustees of the town; and (2) that the cost of the improvement was ordered to be assessed against the lots bordering or abutting on said improvement according to their frontage, and without regard to the benefits received by said lots.

No question was raised touching the sufficiency of the complaint, and an answer in two paragraphs was filed, one of which was a general denial, and the other a special plea alleging that the proceedings were taken under the act for the improvement of streets in towns, known as the Barrett law. Reply in denial of the special answer. At the request of the parties a special finding of facts was made by the court, with conclusions of law thereon in favor of the appellees. The appellants excepted to each conclusion of law, and moved for a restatement of such conclusions and for a new trial. These motions were denied, and the rulings theron are assigned for error. The foregoing statement sufficiently discloses the grounds on which the decision of this cause must rest.

The statute under which the proceedings for the improvement of the street were taken provides that the board may cause the work to be done by contract given to the best bidder, after advertising for three weeks in some newspaper published within the town. §4288 Burns 1901, Acts 1889, p. 237. The act of March 4, 1899 (Acts 1899, p. 411, §4289a Burns 1901), which authorizes a remonstrance against such improvements, requires that the remonstrance be filed before the improvement is advertised

for contract. Assuming that this provision may be construed as permitting the remonstrance to be filed at any time before the expiration of the period during which the advertisement or notice of the letting of the contract must run, the remonstrance in this case was not filed in time. The notice was published June 28, July 5, July 12, and July 19, 1901. The three weeks' advertisement prescribed by the statute expired July 19, and the additional notice inserted on that day was unneccessary. The remonstrance was not filed until July 19, 1901, which was after the improvement was "advertised for contract." It was filed too late. *Hill* v. *Pressley,* 96 Ind. 447.

The other objection, that the cost of the work was to be assessed by the front foot, without regard to the benefits to the several lots bordering on the improvement, is without merit. The ordinance must be read in connection with the law under which it was enacted. The assessment provided for was *prima facie* a fair and equitable one. The property owner was not denied redress in any case where such assessment might be unjust and oppressive.

It was said by this court in *Taylor* v. *City of Crawfordsville,* 155 Ind. 403, that "the statements in the declaratory resolution and the averments of the complaint, that the city will assess the total cost of the improvement against the abutting property, without reference to the question of benefits, and assess against the plaintiff's property an amount largely in excess of the benefits, cannot avail in support of injunction. It is a general rule that a defendant cannot enjoin the prosecution of illegal proceedings upon grounds which he may make available as a defense in such proceedings. *Palmer* v. *Hayes,* 93 Ind. 189; *Martin* v. *Orr,* 96 Ind. 27; *Board, etc.* v. *Dickinson,* 153 Ind. 682. * * * Sections three, five, six, and seven of the Barrett law must be construed together, and so construed they give to the abutter an opportunity to be heard before a tribunal empowered, and duty bound, to ad-

just all questioned assessments to the basis of actual special benefits received by the improvement. See *Adams* v. *City of Shelbyville,* 154 Ind. 467. If appellant avails herself of this remedy she may avoid injury even though the primary allotment of the cost by the city engineer is placed at a sum greater than her benefits, and it is firmly settled in jurisprudence that where a party has a clear and adequate remedy at law he is denied the extraordinary remedy of injunction." See, also, *Brown* v. *Central Bermudez Co., ante,* 452.

The court found that there was no fraud in the proceedings of the common council, and the evidence sustains the finding upon this, as well as the other facts stated in the special finding. The conclusions of law were authorized by the facts found.

There was no error in the record. Judgment affirmed.