## MICHIGAN CITY CAR COMPANY v. ESTFAM.

[No. 10,376.    Filed November 17, 1920.]

INJUNCTION. — *Against Legal Proceedings.* — *Release.* — Where there is no danger of a multiplicity of suits, the further prosecution of an action at law cannot be enjoined by reason of the prior execution by the plaintiff of a release of the damages complained of, since the release may be pleaded in defense of the action.

From Laporte Superior Court; *Harry L. Crumpacker,* Judge.

Action by the Michigan City Car Company against George Estfam. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*C. R. Collins, J. B. Collins* and *Grant Crumpacker,* for appellant.

*Robert Moore, Andrew J. Hickey* and *Norman F. Wolfe,* for appellee.

NICHOLS, J.—This was an action by appellant against appellee to enjoin the prosecution of an action by appellee against appellant for damages in the Laporte Superior Court.

The complaint in substance avers that, in September, 1914, appellee was in the employ of appellant, working in its car factory at Michigan City. While so employed, appellee was engaged in swinging a sledge hammer, when he was injured in the eye. The parties afterward engaged in negotiating over the matter, appellee claiming damages, and appellant claiming no liability. The negotiations resulted in the execution by the parties of an agreement of settlement. The parties afterward carried out this agreement of settlement and appellee executed his release in accordance with the agreement and delivered it to appellant, releasing it of any and all liability. That afterwards appellee brought an action against the appellant for damages claimed to have resulted from the said accident and in violation of the agreement and in violation of the release so executed in conformity with the terms of said agreement. That such action will result in irreparable worry and great injury to appellant, to its fair name and credit, and to its business and good reputation, and this action is brought to enjoin the further prosecution of such suit so prosecuted in violation of said agreement.

A demurrer to the complaint for want of facts with memorandum was sustained, and this ruling of the court is presented as error. Many propositions are presented and discussed by appellant, but, as we view this case, we do not need to consider them. There was no error

in the court's ruling. The facts pleaded in appellant's complaint may be pleaded by way of answer in the action pending in the Laporte Circuit Court.

In High, Injunctions (4th ed.) §89, it is stated that it may be laid down as a general rule that legal proceedings will not be enjoined on grounds of which the person aggrieved may avail himself in defense of the action at law. This principle is recognized in the following cases. *Hartman* v. *Heady* (1877), 57 Ind. 545; *Palmer* v. *Hayes* (1884), 93 Ind. 189; *Martin* v. *Orr* (1884), 96 Ind. 27; *Board, etc.* v. *Dickinson* (1900), 153 Ind. 682, 53 N. E. 929; *Taylor* v. *City of Crawfordsville* (1900), 155 Ind. 403, 58 N. E. 490; *McKee* v. *Town of Pendleton* (1904), 162 Ind. 667, 69 N. E. 997.

There is no averment of threats to bring other actions, nor do the facts suggest danger of a multiplicity of suits. We can see no reason why the rights of appellant as presented by its complaint cannot be fully determined by proper pleading in the action at law in the circuit court. Judgment is affirmed.