### ANDERSON *v.* CROOP ET AL.

[No. 12,872.   Filed June 30, 1927.]

COUNTIES.—*Complaint to enjoin county officers from paying for discovering property omitted and sequestered from taxation held insufficient.*—A demurrer was properly sustained to a taxpayer's complaint against the county auditor, treasurer and board of commissioners to enjoin them from paying any money to one employed by the county commissioners to discover evidence of omitted and sequestered property escaping taxation, as the statute (§5966 Burns 1926) furnishes a plain and adequate remedy when a claim is filed for any money due under contract with the commissioners, and injunction will not lie.

From Elkhart Superior Court; *William B. Hile,* Judge.

Suit by Glenn W. Anderson against Charles Croop and others, county officers, to enjoin them from paying Washington E. Lowe for his services in discovering property omitted from taxation.   From a judgment on demurrer to the complaint, the plaintiff appeals.   *Affirmed.*   By the court in banc.

*Church & Chester,* for appellant.

MCMAHAN, J.—This is a suit by appellant as a taxpayer in Elkhart county to enjoin the county auditor, the county treasurer, and the board of county commissioners of Elkhart county from paying any money to Washington E. Lowe under and by virtue of a contract between the board of commissioners and Lowe, wherein Lowe agreed to collect data and make search and examination of records outside the public records of Elkhart

county for evidence of omitted and sequestered personal property escaping taxation, and wherein the commissioners agreed to pay Lowe for his services a sum of money equal to a certain percentage of the amount of taxes collected by the county upon the information so found and reported by Lowe, nothing to be paid Lowe until such taxes shall have been collected by the county.

A demurrer was sustained to each paragraph of complaint, hence this appeal.

Section 5966 Burns 1926, Acts 1879 (Spec. Sess.) p. 130, expressly requires a claimant for services rendered under a contract of the kind held by Lowe, to file his account for allowance in the commissioner's court ten days before the beginning of the term, and any taxpayer of the county is expressly given the right to contest such claim in that court. As was said by the Supreme Court in *Board, etc.,* v. *Dickinson* (1899), 153 Ind. 682, 53 N. E. 929, appellant is furnished "a plain, specific and adequate legal remedy by which he may challenge the power or right of the board of commissioners to employ" Lowe to render the services in controversy, and he may also invoke or avail himself of all other legitimate grounds in contesting the allowance of any claim filed by Lowe, before the board, or in the circuit court, in the event of an appeal. There being a complete and adequate remedy at law, the court did not err in sustaining a demurrer to the several paragraphs of the complaint. *Board, etc.,* v. *Dickinson, supra.* See, also, *Tackett* v. *Stevenson* (1900), 155 Ind. 407, 58 N. E. 534; *Clark* v. *State, ex rel.* (1917), 187 Ind. 276, 117 N. E. 965, and authorities cited.

Judgment affirmed.

Dausman, J., absent.