Nicholas Dyk

*v.*

Jitche DeYoung.

*Filed at Ottawa May 14, 1890.*

New trial—*newly discovered evidence—diligence required.* To authorize a new trial upon the ground of newly discovered evidence, it must appear, not only that it has been discovered since the trial, but that it is material to the issue, and could not, by the exercise of reasonable diligence, have been produced at the trial.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. HUGH L. BURNHAM, for the appellant:

When a party has had a trial upon issues in the forming of which he participated, he can not have a new trial for newly discovered evidence, unless he can satisfactorily show that such evidence is not only material to the issue, but of a controlling and conclusive character, and that he has been guilty of no negligence in discovering and producing it on the trial. *Champion* v. *Ulmer*, 70 Ill. 322; *Wright* v. *Gould*, 73 id. 56.

Newly discovered evidence upon a point to which testimony has already been given upon the trial, must be positive, conclusive, and capable of definitely settling the point in controversy at once and conclusively, before it can justify the granting of a new trial. *Martin* v. *Ehrenfels*, 24 Ill. 187.

New trials are seldom granted to let in newly discovered cumulative evidence, and then only when it seems to be decisive in its nature. *Sulzer* v. *Yott*, 57 Ill. 164; *Fuller* v. *Little*, 61 id. 21; *Holmes* v. *Stateler*, 57 id. 209; *Bowen* v. *Rutherford*, 60 id. 41; *Wood* v. *Echternach*, 65 id. 149.

Due diligence to procure and inability to obtain the newly discovered evidence, which must be of a decisive character, is necessary to the granting of a new trial. *Wood* v. *Echternach*, 65 Ill. 149.

The court is not justified in granting a new trial to allow the introduction of newly discovered evidence which is merely cumulative and by no means conclusive. *Laird* v. *Warren*, 92 Ill. 204.

Although the newly discovered evidence shown for a new trial may have an important bearing on a second trial, yet a new trial will be denied where the requisite diligence has not been exercised to discover such evidence. *Rolling Mill Co.* v. *Gillen*, 100 Ill. 52.

Mr. J. C. TRAINOR, for the appellee:

New evidence, to warrant the granting of a new trial, must have been discovered since the former trial; must be such that it could not, by reasonable diligence, have been discovered before the trial; must be material, and not merely cumulative; must go to the merits, and must be such as would probably change the result. The appellant must negative every fact from which negligence may be inferred. *Champion* v. *Ulmer*, 70 Ill. 322; *Crozier* v. *Cooper*, 14 id. 139; *Wright* v. *Gould*, 73 id. 56; *Laflin* v. *Herrington*, 17 id. 399; *Kendall* v. *Limberg*, 69 id. 355; *Martin* v. *Ehrenfels*, 24 id. 187; *Morrison* v. *Stewart*, id. 24; *Klein* v. *People*, 113 id. 596; *Harvey* v. *Collins*, 89 id. 255; *Gottschalk* v. *Hughes*, 82 id. 484; *Laird* v. *Warren*, 92 id. 204; *Chapman* v. *Burt*, 77 id. 337.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

Two questions are presented by this record, and insisted upon in argument. One is purely a question of fact, which, so far as we are concerned, has been conclusively settled by the judgment of the Appellate Court. The other question arises upon the refusal of the court to grant a new trial because of newly discovered evidence.

The action was to recover damages for assault and battery committed by appellant upon the person of appellee, who, as she alleges, was, at the time of the assault, *enciente*, and that her health was permanently affected by the injury she then received. The newly discovered evidence related solely to the health of appellee prior to the assault, and since, and tended to show that she was, prior thereto, living in squalor, and from want of proper nourishment her health had been affected and become permanently impaired, and that her condition had not changed materially from what it was before the alleged injury. The declaration gave notice to appellant that appellee claimed that her health had been permanently injured and

ruined by the battery, and it was his duty to prepare for the trial in respect thereof, if he desired to contest her right to damages therefor. The affidavit of newly discovered evidence simply shows that appellant did not know the witness named, or that he would testify to the alleged facts, until after the trial, when, for the first time, he heard of said witness, and learned that he would testify to the facts alleged. It nowhere appears that appellant used any diligence whatever to find this witness, or other witnesses, to prove the facts set up as newly discovered. For aught that appears from the affidavits appellant knew the fact he now seeks to prove, and could have proved it at the trial by any number of witnesses who were present. While appellee had lived an immediate neighbor to appellant only a short time, she had, as is conceded, lived a number of years at no considerable distance from him, and it does not appear that appellant made any effort to find witnesses to prove her previous condition. The slightest inquiry might have discovered who her family physician had been, and thus led to all that appellant now claims to have discovered. Indeed, in regard to her health after the alleged assault, the appellant produced evidence tending to disprove the claim of permanent injury.

The rule is uniform, that to authorize a new trial upon the ground of newly discovered evidence, it must appear, not only that it has been discovered since the trial, but that it is material to the issue, and could not, by the exercise of reasonable diligence, have been produced at the trial. (*Crozier* v. *Cooper*, 14 Ill. 139; *Champion* v. *Ulmer*, 70 id. 322; *Klein* v. *The People*, 113 id. 596.) Applications for new trial upon this ground must show that the party has been diligent to discover the material fact sought to be proved on the new trial, and in finding the evidence of such fact, and that the failure to prove such fact at the trial did not result from his fault or want of diligence.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*