THOMAS F. FARRELL *et al.*

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Opinion filed October 13, 1899—Rehearing denied December 7, 1899.*

1. APPEALS AND ERRORS—*when appeal will not be dismissed.* A motion to dismiss an appeal on account of the insufficiency of the appeal bond will be denied when not made until after the parties have submitted their controversy to the court, there being no motion to set aside the order under which the case was taken.

2. EVIDENCE—*when the contents of property owners' petition cannot be shown by parol.* Oral testimony as to the contents of the petition of the property owners consenting to a public improvement is inadmissible in a proceeding to confirm a special assessment, when the absence of the petition itself is not accounted for.

3. SAME—*cost of portion of improvement abutting on particular property cannot be shown at confirmation.* In a proceeding to confirm a special assessment testimony showing the cost of that portion of the improvement upon which the property of some of the objectors abutted is inadmissible, since the different pieces of property must share proportionately the cost of the improvement as a whole.

4. SPECIAL ASSESSMENTS—*one cannot urge objections in no way prejudicial to him.* An objection to the validity of a special assessment that the original ordinance limited the assessment to contiguous property while the new ordinance provides for an assessment upon all property benefited, cannot be raised by the owner of land contiguous to the improvement, since he is not prejudiced thereby.

5. SAME—*what not a premature adoption of ordinance for second assessment.* A new ordinance levying an assessment for a public improvement completed under a prior ordinance declared void on appeal is not prematurely adopted, although after its passage and pending confirmation proceedings parties to the original proceeding, which had been stricken from the docket of the county court, caused it to be reinstated for the purpose of filing the remanding orders of the Supreme Court therein.

6. SAME—*when new trial will not be granted for newly discovered evidence.* A new trial will not be granted on the ground of newly discovered evidence in a proceeding to confirm a special assessment, where the testimony relied on is contained in the ordinance, plans, specifications and estimates, and the alleged changes in the manner of the construction of the improvement were apparent and might have been known by the exercise of slight diligence.

7. The other objections raised by appellants are discussed and determined in *Cummings* v. *West Chicago Park Comrs.* 181 Ill. 136.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

GEORGE W. WILBUR, for appellants.

FRANCIS A. RIDDLE, and H. S. MECARTNEY, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

In *Culver* v. *People ex rel.* 161 Ill. 89, the ordinance of the corporate authorities of the town of West Chicago providing for the improvement of Douglas boulevard, adopted March 28, 1893, at the request of the West Chicago Park Commissioners, was declared to be void. The improvement contemplated by said void ordinance having been completed by the commissioners thereunder, said commissioners, on the fourteenth day of July, 1896, in pursuance of the provisions of section 20 of the act in force July 1, 1895, entitled "An act to enable park authorities to make local improvements," etc., adopted an ordinance providing that the cost of making the said improvement should be paid for by special assessments upon the property benefited thereby. This is an appeal from a judgment of the county court confirming a special assessment under the said ordinance upon certain property of the appellants.

The appellants, who are very numerous, appeared and complied with all the rules of this court, and the cause being ready for decision on their part, it was submitted and taken by the court for determination, after which a motion was made by appellees to dismiss the appeal as to all of the appellants except Michael Kelter, on account of the insufficiency of the appeal bond. Upon the rendition of the judgment in the county court an appeal was allowed to the appellants, severally, on filing a bond in the sum of $250, with surety to be approved by the clerk of the circuit court. A bond was given by Michael Kelter alone, as principal, and Judson D. Sherman as surety.

It purports to be in behalf of all the other appellants as well as Kelter, and the condition is for the prosecution of the appeal by each of the appellants, and it was approved in accordance with the order allowing the appeal. The bond was insufficient, and if objection had been made in apt time a rule would have been entered requiring a good bond, but the appeal could not have been dismissed without an opportunity to file such bond. Section 69 of the Practice act forbids the dismissal of an appeal by reason of any informality or insufficiency of the appeal bond, if the party taking the appeal shall, within a reasonable time to be fixed by the court, file a good and sufficient bond to be approved by the court. When the motion was made the appellants had submitted their controversy to the court, and it could not be entertained without setting aside the order by which the case was taken. There was no motion to set aside that order, and the motion to dismiss must be denied.

The contention of appellants that no proof was made as to the cost of the entire improvement is not tenable. We find the assessment roll was introduced in evidence and that the total cost of the improvement was therein clearly shown. This disposes of a number of alleged errors based upon this contention.

The judgment here appealed from is the same one which was before this court in *Cummings* v. *West Chicago Park Comrs.* 181 Ill. 136. Appellants' assignment as for error that it was not proven the owners of a majority of the land fronting on the proposed improvement had petitioned or consented that the improvement should be made is the same as was presented by the appellants in the *Cummings case.* The alleged error was found groundless in that case, and upon the authority of that holding the same ruling is made in this. The discussion of and reasoning upon the point need not be repeated.

The court properly declined to receive oral testimony as to the contents of the petition of the consenting prop-

erty holders, for the reason the petition itself was the better evidence and its absence was not accounted for.

The validity of the assessment generally is questioned because the original ordinance limited the assessment to contiguous property, while the new ordinance provides for an assessment upon all property benefited. If that objection would be available it would only be to an owner whose property was not included in the terms of the original ordinance, and counsel has not made it appear that any of the appellants' property is so situated. If the property of appellants is contiguous to the improvement they could not be prejudiced by a new assessment roll covering a larger district, by which other property owners are made to contribute to the expense.

The opinion and judgment of this court in the *Culver case*, declaring the original ordinance to be void, were rendered and entered in this court on the twenty-eighth day of March, 1896. The appellee commissioners accepted such decision and judgment as final, and on the fourteenth day of July, 1896, in an ordinance adopted on that day, (being the ordinance here involved,) declared the provisions of the said original ordinance had failed by reason of such decision of this court, and ordained that a new special assessment on property benefited should be levied and assessed under the provisions of said section 20 of the said act in force July 1, 1895, which provides for such proceedings in the event a prior ordinance has been declared void. Previous to the passage of such last mentioned ordinance this court, in certain writs of error prosecuted by the appellant Farrell and others to obtain a reversal of the judgment of confirmation against them under the prior void ordinance, declared (*Farrell* v. *Town of West Chicago*, 162 Ill. 280,) such prior ordinance void on the authority of the *Culver case*. After the ordinance of the appellee commissioners here involved had been adopted, and while proceedings were pending in the county court for confirmation of assessments under it,

the plaintiffs in error in the *Farrell case* caused the origi-
nal proceeding under the void ordinance, which had been
removed from the docket of the county court, to be re-
instated in that court for the purpose of filing the re-
manding orders of this court in the *Farrell case.* It is now
objected that the new ordinance to levy the assessment
here under consideration is invalid for the reason it was
adopted before the proceedings under the prior ordinance
had been concluded, and that for the same alleged rea-
son this proceeding under said last ordinance is prema-
ture and cannot be maintained. The point is not well
taken. Prior to the adoption of this last ordinance this
court had declared the prior ordinance to be void, and
the proceedings thereunder in the county court had been,
in some way not fully disclosed in the record, stricken
from the docket of the county court. Such action was
proper to have been taken as a consequence of the deci-
sion in the *Culver case,* and it is to be presumed the pro-
ceeding was so disposed of by the county court. The
appellee commissioners properly accepted the decision
in the *Culver case* and the striking of the proceeding from
the docket of the county court as final, and were fully
warranted in taking steps, under the statute, to recover
the cost of making the improvement from the property
which had been benefited thereby. This latter ordinance
and the proceedings thereunder were in no way violative
of the orders of this court that the writ of error in the
*Farrell case* should operate as a *supersedeas.* On the con-
trary, the action of the commissioners in abandoning the
old ordinance and the proceedings thereunder was in obe-
dience to the *supersedeas* orders of this court that they
should not proceed further under the prior ordinance.

The trial court properly excluded testimony tendered
by appellants for the purpose of showing the cost of that
portion of the improvement upon which the property of
appellants, or some of them, abutted. The proportionate
share of the cost of the improvement to be paid by the

different pieces of property is the proportionate share of the cost of the improvement as a whole. The cost of that portion of the improvement which adjoins the property to be assessed has no tendency to show the proportionate part of the cost of the whole improvement to be borne by such property. Other objections of the appellants, equally untenable, were presented by the appellants in the *Cummings case, supra,* and are discussed in the opinion in that case.

The grounds of the objections to the action of the court in passing upon instructions to be given the jury are disposed of by what has been said hereinbefore in the discussion of other alleged errors.

The affidavits as to newly discovered evidence, filed in support of a motion presented by appellants to set aside the order overruling their motion for new trial, were insufficient to entitle the appellants to a favorable decision on the motion. The testimony relied on as newly discovered, so far as it is in any way important, was contained in the ordinance, plans, specifications and estimates, which were, of course, open to the inspection of appellants,— indeed, compose a part of the record in the cause,—and could have been known at the time of the trial by the exercise of the requisite diligence. The alleged changes in the manner of the construction of the improvement, referred to in said affidavits, so far as at all material, were such, only, as were apparent to observation, and by the exercise of even slight diligence would have come to the knowledge of every one interested, as were the appellants, in considering whether the improvement had been completed as contemplated by the ordinance. *Dyk* v. *DeYoung,* 133 Ill. 82; *Plumb* v. *Campbell,* 129 id. 101.

The judgment is affirmed.            *Judgment affirmed.*