## VORIS v. PITTSBURG PLATE GLASS COMPANY ET AL.

[No. 20,219.   Filed March 10, 1904.   Rehearing denied December 8, 1904.]

STATUTORY CONSTRUCTION.—*Rejection of Meaningless Word.—Barrett Street Improvement Law.*—The word "of," after the word "improvement," in the clause of §4290 Burns 1894 (Acts 1889, p. 237, §3), reading "and in making the assessment against such owners for the improvement of such lot or parts of lots and unplatted lands shall be assessed," etc., should be rejected, since it renders such clause meaningless to let it stand, and was inserted evidently by mistake and the clause makes complete sense without it.  *p. 602.*

MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessment of Cost to Property Owners.—Back-lying Lots.*—Construing §4290 with §§4293 and 4294 Burns 1894 (Acts 1889, p. 237, §§3, 6, 7), the assessment of the cost of street improvements must be made against the owner of the lots fronting such street, regardless of the depth of such lots, and the engineer gives only such lots and the owners' names in his report, but the lien of such assessments rests upon all lots back from such street 150 feet, but the abutting lot owner is primarily liable, and if the amount can not be recovered from him and by the sale of such abutting lots, the lots lying in the rear may then be taken, in their order, back to the distance of 150 feet.  *p. 602.*

SAME.—*Street Assessments.—Jurisdiction.*—The common council of a city obtains jurisdiction for the assessment of the cost of a street improvement on the lot owners by the publication of the notice provided by §4294 Burns 1894 (Acts 1889, p. 237, §7), and the back-lying lot owners, though not named in the assessment, have the right to appear and be heard on the engineer's report and object thereto if they consider it unjust.  *p. 603.*

CONSTITUTIONAL LAW.—*Validity of Street Improvement Law of 1889.—Eminent Domain.—Taxation.*—The law of 1889 (Acts 1889, p. 237), commonly known as the Barrett law, is not unconstitutional as against the fourteenth amendment of the federal Constitution, on the ground that the back-lying lot owners are not entitled to a hearing on the question of special benefits, since the legislature in enacting such laws exercises the powers of taxation and not the power of eminent domain.  *p. 605.*

MUNICIPAL CORPORATIONS.—*Street Improvement Bonds.—Rights of Bondholders.*—Where a municipal corporation sells street improvement bonds under the act of 1889 (Acts 1889, p. 237) and with the proceeds pays the cost of the street improvement, such bondholders are subrogated to the rights of such city and contractor in the enforcement of the lien therein provided against lot owners, and if the abutting lot owners are in-

solvent and a sale of such lots does not produce as much as the assessment against such lots, the back-lying lot owners, to the distance of 150 feet, must in turn be subject to the payment of such unpaid balance. *p. 608.*

From Howard Superior Court; *W. W. Mount*, Special Judge.

Action by William H. Voris against the Pittsburg Plate Glass Company and Mary Lindley to enforce a street improvement lien on a back-lying lot. From a decree for defendants, the plaintiff appeals. *Reversed.*

*C. B. Masslich, Willits & Voorhis* and *C. M. C. Buntain*, for appellant.

*Milton Bell, W. C. Purdum, J. C. Blacklidge, C. C. Shirley, Conrad Wolf, Charlton Bull* and *B. C. Moon*, for appellees.

MONKS, J.—Appellant brought this suit against the Pittsburg Plate Glass Company, the owner of back-lying real estate within 150 feet of a street in the city of Kokomo, improved in 1893, under the Barrett law, to enforce the lien of an assessment for said street improvement, on the ground that the subdivision primarily liable therefor had, at a judicial sale on a decree foreclosing said lien, proved insufficient to pay said assessment. A demurrer for want of facts was sustained to said complaint, and, appellant refusing to plead further, judgment was rendered against him. It appears from the complaint, among other things, that Joseph S. Amos was the owner of lots twenty and twenty-one, lying immediately upon and adjacent to the line of said street improvement, neither of which extended back 150 feet from the front line thereof; that appellee Pittsburg Plate Glass Company owned all the real estate lying back of each of said lots within said 150 feet. The city engineer, as required by §4293 Burns 1894 (Acts 1889, p. 237, §6), described in his report said lots twenty and twenty-one, and gave the name of Jacob S. Amos as the owner thereof. In said report the amount of the cost of the improvement due upon said lot twenty was $200.60, and upon said lot twenty-

one was $212.50, which amounts were ascertained by the frontage of said lots, as provided in the fifth clause of §4293, *supra,* but said back-lying real estate of appellee Pittsburg Plate Glass Company was not described in said report. After giving the notice required by §4294 Burns 1894, being section seven of the act of 1889, *supra,* as amended by the act of 1891 (Acts 1891, pp. 324-326), "no objection being made to said engineer's report, the common council of said city adopted the same and the assessments without alteration or amendment."

The owners of the lots described in said report of the engineer signed and filed a written promise to pay said assessments as provided in §4294, *supra,* and the city issued and sold street improvement bonds to pay for the improvement of said street, under §4296 Burns 1894 (Acts 1889, p. 237, §8). Appellant is the owner of all the bonds and the interest coupons attached thereto so issued by said city of Kokomo, and the same, to the amount of several thousand dollars, are due and unpaid. In a suit in the court below, brought by appellant for that purpose, he recovered a personal judgment against said Amos on said written promise, and a decree foreclosing said assessment lien against said lots twenty and twenty-one. Said lots were duly sold upon said decree, and the proceeds of said sale were not sufficient to pay the same. Said Amos was insolvent, and since the rendition of said judgment has been adjudged a bankrupt in the district court of the United States for the district of Indiana. Under §4296, *supra,* appellant, as the owner of bonds, has all the rights and interest of said city of Kokomo in and to the assessments and liens for the improvement of said street, with full power to enforce the collection thereof by foreclosure.

It is provided in §4290 Burns 1894 (Acts 1889, p. 237, §3), that "the owners of lots or parts of lots bordering on such street or alley, or the part thereof to be improved, * * * shall be liable to the city for their proportion of

the costs in the ratio of the front line of their lots owned by them to the whole improved line for street and alley improvements, * * * and the city or incorporated town shall have a lien upon such lots or parts of lots, respectively, from the time such improvement is ordered, for such costs of improvement, * * * and in making the assessment against such owners for the improvement *of* such lots or parts of lots and unplatted lands shall be assessed upon the ground fronting or immediately abutting on such improvement back to the distance of 150 feet from such front line, and the city or incorporated town and the contractor shall have a lien thereon for the value of such improvement: Provided, however, that where such land is subdivided or platted the land lying immediately upon and adjacent to the line of the improvement and extending back fifty feet shall be primarily liable to and for the whole cost of the improvement, and, should that prove insufficient to pay such cost, then the second parcel and other parcels in their order to the rear parcel of said 150 feet shall be liable in their order."

The word "of" between the words "improvement" and "such" in the part of said section above set out, is incapable of any sensible meaning, and the clause in which it appears is complete and sensible without it. It is evident that said word was inserted through inadvertence or mistake, and should be rejected. Black, Interp. of Laws, §39; Sutherland, Stat. Constr., §260, p. 342; Endlich, Interp. of Stat., §§301, 302.

Construing the above-quoted provisions of §4290, *supra,* in connection with §§4293, 4294, *supra,* it is evident that the common council of the city or the board of trustees of the town assess the special benefits of the improvement to each lot or parcel of ground abutting thereon, to such lot or parcel of ground, regardless of whether the same extends back 150 feet or less from the front line thereof. *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 490, 491, 49

L. R. A. 797, 77 Am. St. 484. The city or town engineer in his report under section six of said act of 1889 (Acts 1889, p. 237, §4293, *supra*), only gives the description of the lots and parcels of ground bordering on the street or alley improved, and names of the owners thereof, and the amount of the cost for the improvement due from such lots or parcels of ground determined by the frontage, regardless of whether the same extend back 150 feet or less from the front line thereof. *City of Terre Haute* v. *Mack* (1894), 139 Ind. 99, 105-110. When, therefore, the common council of the city or board of trustees of the town have made the assessments to each of said abutting lots or parcels of ground so as to conform to the special benefits accruing to each of said abutting lots or parcels of ground, as provided in §4294 Burns 1894, whether by adopting said report of the engineer as made, or after altering or amending the same, such assessments, by the express provision of §4290, *supra*, are a lien, not only on the lots or parcels of ground bordering on said street or alley, but on the back-lying lots or parcels of ground, if any, within 150 feet of the front line thereof. While the subdivision or parcel of ground "lying immediately upon and adjacent to the line of improvement" must be first exhausted before the second parcel, and the others in their order, can be sold to pay the assessment, the same is a lien not only on said first subdivision or parcel, but on all the subdivisions or parcels lying back thereof within said 150 feet from the front line, to the extent provided in §4290, *supra*, although owned by different persons, and who were not named in the report of the engineer or in the assessment made by the common council of the city or board of trustees of the town. *Town of Woodruff Place* v. *Raschig* (1897), 147 Ind. 517, 523, 524.

The notice by publication required by §4294, *supra*, when made, gives the common council of the city or board of trustees of the town full and complete jurisdiction over

the person of each person owning land within the taxing district of said improvement, whether the same abuts on the improvement or not. Said notice having been given, said owners of back-lying real estate, like the owners of real estate abutting on said improvement, are bound to know the law, and that their real estate is in the taxing district of said improvement, and will be subject to the lien of special benefits assessed in the manner and to the extent above stated. *Hyland* v. *Brazil Block Coal Co.* (1890), 128 Ind. 335, 340, 341. All of said owners of real estate within said taxing district, whether back-lying or abutting, have the right to appear before the committee or common council of the city or board of trustees of the town and be heard on the engineer's report, and object thereto, and have a hearing on the question of special benefits, which the law requires said common council or board of trustees to adjust so as to conform to the special benefits accruing to said abutting real estate. *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 484-491, 49 L. R. A. 797, 77 Am. St. 484; *Leeds* v. *Defrees* (1901), 157 Ind. 392, 397; *Hibben* v. *Smith* (1902), 158 Ind. 206, 208-211. It is true that only the special benefits to the abutting lots or parcels of ground are assessed by the common council of the city or board of trustees of the town; but if any such lot or parcel of ground does not extend back 150 feet from the front line thereof, the owner of the real estate lying back thereof, and within said 150 feet, has such an interest in the assessment to such abutting lot or parcel of ground as entitles him to a hearing on the question of actual special benefits thereto, because his real estate is subject to the lien of said assessment, when made, to the extent provided in §4290, *supra,* and is liable to be sold to pay the same in the order prescribed in said section. It follows that when the common council assessed the special benefits of said improvement to lot twenty at $200.50 and to lot twenty-one at $212.60, the same was

not only an assessment against said lots, but, *ex proprio vigore,* was a valid assessment and lien against all the real estate lying back of each of said lots respectively, and within 150 feet of the front line thereof, to the extent provided in the proviso of §4290, *supra,* and was binding alike on the owner of said lots twenty and twenty-one and said Pittsburg Plate Glass Company, appellee, the owner of the back-lying real estate.

It is insisted that this construction of the Barrett law renders the same unconstitutional as to the back-lying real estate, on the ground that each owner of real estate, whether the same is abutting or back-lying, is entitled to a hearing on the question of the special benefits to his parcel of land; citing *Adams* v. *City of Shelbyville, supra; Martin* v. *Wills* (1901), 157 Ind. 153; *Leeds* v. *Defrees, supra; Wray* v. *Fry* (1902), 158 Ind. 92. The only question before the court in the cases cited was the proper construction of the Barrett law, and this court held in those cases that said law provided that the real estate within the taxing district, *prima facie,* received special benefits from the improvement according to frontage, but that the common council of the city or board of trustees of the town had the power to alter or change the same so as to conform to the special benefits received, and that all persons aggrieved had the right to a hearing before such questions were determined. It was held that the law so construed was not obnoxious to any provision of the state or federal Constitution. It was not necessary, therefore, in said cases to determine as to the constitutionality of a law which declared that the total cost of an improvement should be assessed equally against the frontage according to what is known as the front-foot rule, without allowing or providing for a hearing as to special benefits to the real estate charged therewith, for no such law was before the court. None of said cases cited by appellee gives any support to its contention. What was said in *Adams* v.

*City of Shelbyville, supra,* concerning a law which makes no provision for a hearing on the question of special benefits, and that such a law would be in violation of the fourteenth amendment to the Constitution of the United States, under the case of *Norwood* v. *Baker* (1898), 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, was clearly *obiter dicta,* for the reason, as we have shown, that no such question was before the court for decision. *Adams* v. *City of Shelbyville, supra,* did not overrule any of the following cases decided by this court: *Ray* v. *City of Jeffersonville* (1883), 90 Ind. 567; *City of Indianapolis* v. *Imberry* (1861), 17 Ind. 175; *Flournoy* v. *City of Jeffersonville* (1861), 17 Ind. 169, 79 Am. Dec. 468; *Palmer* v. *Slumph* (1868), 29 Ind. 329; *City of New Albany* v. *Cook* (1867), 29 Ind. 220; *Snyder* v. *President, etc.* (1855), 6 Ind. 237; *Ross* v. *Stackhouse* (1887), 114 Ind. 200; *Garvin* v. *Daussman* (1887), 114 Ind. 429, 5 Am. St. 637; *Johnson* v. *Lewis* (1888), 115 Ind. 490; *Weaver* v. *Templin* (1887), 113 Ind. 298; *Goodrich* v. *Winchester, etc., Turnpike Co.* (1866), 26 Ind. 119; *Law* v. *Madison, etc., Turnpike Co.* (1868), 30 Ind. 77; *Gilson* v. *Board, etc.* (1890), 128 Ind. 65, 11 L. R. A. 835; *Board, etc.,* v. *Harrell* (1897), 147 Ind. 500, 504-507.

In *Webster* v. *Fargo* (1901), 181 U. S. 394, 21 Sup. Ct. 623, 45 L. Ed. 912 (and see *French* v. *Barber Asphalt Pav. Co.* (1901), 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; *Detroit* v. *Parker* (1901), 181 U. S. 399, 21 Sup. Ct. 624, 45 L. Ed. 917; *Cass Farm Co.* v. *Detroit* (1901), 181 U. S. 396, 21 Sup. Ct. 644, 45 L. Ed. 914; *Shumate* v. *Heman* (1901), 181 U. S. 402, 21 Sup. Ct. 645, 45 L. Ed. 922; *Farrell* v. *West Chicago Park Com.* (1901), 181 U. S. 404, 21 Sup. Ct. 609, 45 L. Ed. 916; *Tonawanda* v. *Lyon* (1901), 181 U. S. 389, 21 Sup. Ct. 609, 45 L. Ed. 908) cited in *Martin* v. *Wills* (1901), 157 Ind. 153, 155, the Supreme Court of the United States held "that it is within the power of the legislature

of the state to create special taxing districts, and to charge the cost of local improvement, in whole or in part, upon the property in said district, either according to valuation or superficial area or frontage, and that it was not the intention of said court to hold otherwise in *Norwood* v. *Baker* [1898], 172 U. S. 269," and that a state law apportioning the entire cost of a street or alley improvement upon the abutting lots according to their frontage, without any hearing as to the benefits, was not in violation of the fourteenth amendment to the Constitution of the United States; that the legislature in enacting such laws exercises, not the right of eminent domain, but that of taxation (Cooley, Taxation (3d ed.), 1181-1183) and may, in the exercise of its discretion, direct the cost of the improvement to be charged to the land within the taxing district "in proportion to the position, the frontage, the area or the market value of the lands, or in proportion to the benefits as estimated" by some body or person designated.   See, also, Elliott, Roads and Sts. (2d ed.), §§558, 560, 564, and cases cited; Dillon, Mun. Corp. (4th ed.), §752; 2 Cooley, Taxation (3d ed.), 1180-1183, 1202-1208, 1217-1222, 1226, 1227; *Cass Farm Co.* v. *City of Detroit* (1900), 124 Mich. 433, 83 N. W. 108, and cases cited; *Farrell* v. *West Chicago Park Com.* (1899), 182 Ill. 250, 55 N. E. 325; *Farrer* v. *City of St. Louis* (1883), 80 Mo. 379; *Barber Asphalt Pav., etc., Co.* v. *French* (1900), 158 Mo. 534, 58 S. W. 934, 54 L. R. A. 492, and cases cited; *Webster* v. *City of Fargo* (1900), 9 N. Dak. 208, 82 N. W. 732, 56 L. R. A. 156, and cases cited; *Williams* v. *Eggleston* (1898), 170 U. S. 304, 311, 18 Sup. Ct. 617, 42 L. Ed. 1047; *Parsons* v. *District of Columbia* (1898), 170 U. S. 45, 18 Sup. Ct. 521, 42 L. Ed. 943; *Bauman* v. *Ross* (1897), 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270; *Davidson* v. *New Orleans* (1877), 96 U. S. 97, 104, 24 L. Ed. 616; *County of Mobile* v. *Kimball* (1880), 102

U. S. 691, 26 L. Ed. 238; *Hagar* v. *Reclamation District* (1884), 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569; *Wurts* v. *Hoagland* (1885), 114 U. S. 606, 5 Sup. Ct. 1086, 29 L. Ed. 229; *Walston* v. *Nevin* (1888), 128 U. S. 578, 9 Sup. Ct. 192, 32 L. Ed. 544; *Spencer* v. *Merchant* (1888), 125 U. S. 345, 8 Sup. Ct. 921, 31 L. Ed. 763.

It is insisted by appellee that the bondholder succeeds only to the lien against the property owned by those who sign the waiver and promise to pay the assessment, and that as the Pittsburg Plate Glass Company did not sign such writing, appellant, the bondholder, has no lien on the back-lying real estate owned by it. Even if no bonds should have been issued by the common council of said city to procure the money to pay the assessments against said lots twenty and twenty-one, and the real estate owned by the plate glass company, until said company signed said waiver and promise—a question we need not and do not decide—still the execution of said writing by the owner of said lots twenty and twenty-one did not release the back-lying real estate of the plate glass company from the lien of said assessment. The bonds having been issued, and the money paid therefor by the bondholder used to pay the contractor, the bondholder is subrogated to the rights of the city and contractor to enforce the lien of said assessment against said lots twenty and twenty-one, and the real estate lying back thereof, to reimburse him for the money so used. Appellant was not a mere volunteer, but upon principles of equity and justice is entitled to enforce the lien of said assessments. *Davis* v. *Schlemmer* (1897), 150 Ind. 472, 478, and cases cited; *Fowler* v. *Maus* (1894), 141 Ind. 47, 52, 54, and cases cited; *Reed* v. *Kalfsbeck* (1897), 147 Ind. 148, 154, 155, and cases cited; *Milburn* v. *Phillips* (1895), 143 Ind. 93; *Baker* v. *Edwards* (1901), 156 Ind. 53, 58, and cases cited; *Wat-*

*kins* v. *Winings* (1885), 102 Ind. 330, 331; *Bodkin* v. *Merit* (1885), 102 Ind. 293, 296.

It follows that the court erred in sustaining the demur- rer to the complaint. Judgment reversed, with instruc- tion to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Hadley, J., dissents.