CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* PORTER ET AL.

[No. 5,069. Filed May 9, 1905. Rehearing denied November 15, 1905. Transfer denied June 7, 1906.]

1. TRIAL.—*Record.*—*Amendments.*—*Entries.*—*Nunc Pro Tunc.*—*Evidence.*—An exhibit to a complaint, unattached thereto, which is filed therewith and properly identified in such complaint may be shown, by a *nunc pro tunc* entry, to have been so filed therewith, the clerk's file mark and parol testimony substantiating such claim and no denial being made. p. 228.

2. PLEADING. — *Complaint.*—*Exhibits.*—*How Made.*—*Order-Book Entries.*—An exhibit to a complaint which is not physically attached thereto is a part thereof, where the complaint makes it a part thereof by reference; and a separate order-book entry of the filing thereof is not necessary. p. 228.

3. MUNICIPAL CORPORATIONS.—*Street Improvement Liens.*—*Subsequent Foreclosure on Back-Lying Lots.*—The holder of a lien for street improvements, having foreclosed same as against the lots fronting the street, may subsequently foreclose such lien against the back-lying lots. *Voris* v. *Pittsburg Plate Glass Co.*, 163 Ind. 599, followed. p. 228.

4. MUNICIPAL CORPORATIONS.—*Street Improvement Liens.—Subsequent Foreclosure on Back-Lying Lots.—Attorneys' Fees.*—In a suit to foreclose the lien for street improvements against back-lying lots, such lien having been foreclosed against the lots fronting the street, attorneys' fees may be recovered, though attorneys' fees were recovered in the former foreclosure. *Voris* v. *Pittsburg Plate Glass Co.,* 163 Ind. 599, followed. p. 228.

From Marion Circuit Court (10,583); *Henry Clay Allen,* Judge.

Suit by Robert L. Porter and others against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and another. From a decree for plaintiffs, defendant railway company appeals. *Affirmed.* (Appealed to Supreme Court of the United States.)

*L. J. Hackney, Elliott, Elliott & Littleton* and *John T. Dye,* for appellant.

*Gifford & Gifford,* for appellees.

ROBY, J.—It appears from the complaint that the appellant is the owner of back-lying real estate within 150 feet of a street, in the city of Lebanon, improved in 1896 under the Barrett law, the purpose of the suit being to foreclose the lien of the assessment upon said back-lying real estate, the front portion thereof owned by other parties having sold for an amount less than such assessment.

A demurrer for want of facts to each of the two paragraphs of complaint was overruled. An answer of several paragraphs was filed, including a general denial, special findings of fact and conclusions of law were made and stated by the court, and a decree of foreclosure rendered in accordance therewith, from which this appeal is taken.

Since the cause was tried and since the appeal was perfected the case of *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599—the facts of which are very similar—has been decided, the conclusions announced therein rendering it unnecessary to do more at this time with regard to many of appellant's contentions than to cite the foregoing case.

It was asserted in appellant's original brief that the complaint was bad in failing to exhibit a copy of the assessment roll. Return to a writ of *certiorari* shows the

1. exhibit to have been filed with the amended complaint, a *nunc pro tunc* entry having been made to that effect by the trial court. Appellant contends that inasmuch as the evidence upon which such entry was made shows that the exhibit was not attached to the pleading, and that no separate entry of the filing of said exhibit with the pleading was made, there was no basis upon which the *nunc pro tunc* entry could be made. The exhibit is identified by the file mark of the clerk of the Boone Circuit Court and by parol evidence, and there is no evidence to the contrary. *Security Co.* v. *Arbuckle* (1890), 123 Ind. 518.

While the exhibit was not bodily attached to the pleading it was referred to therein as follows: "A copy of which corrected and amended estimate report is filed

2. herewith, made a part hereof, and marked exhibit A." The exhibit thus marked and filed with the complaint became a part thereof without a separate order-book entry.

It is also asserted that an election to foreclose the assessment lien upon the property fronting upon the improved street estopped the appellees from a subsequent

3. foreclosure upon back-lying property. The proposition seems to be otherwise held. *Voris* v. *Pittsburg Plate Glass Co., supra.*

Judgment affirmed.

## ON PETITION FOR REHEARING.

WILEY, C. J.—In appellant's brief in support of its petition for a rehearing four propositions are presented and discussed: (1) That appellees' having fore-

4. closed the lien upon the abutting property cannot now maintain another suit to foreclose the same

lien upon the back-lying property. (2) If there was no assessment against the back-lying property there can be no foreclosure, and if there was an assessment it was indivisible, and appellees cannot make it divisible and split their demands. (3) That it was error to allow attorney's fees as they were not claimed in the complaint, nor could more than one attorney's fees be recovered. (4) That there was not due process of law, and appellant was denied an equal protection of the law. It would seem that the first, second and fourth propositions just stated have been adjudicated adversely to appellant's contention by the decision in the case of *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599, upon which the original opinion of affirmance was based. The Appellate Court is bound by the law as declared by the Supreme Court, and hence that case rules the one here as to all similar questions involved and decided. Speaking for myself, I am not in full accord with the rule there declared, that when an assessment is made against abutting property for a street improvement, where such property does not extend back from the street line 150 feet, the lien of the assessment attaches to the back-lying property within the taxing district, even where no assessment has been made against such back-lying property and the name of its owner has not been placed upon the assessment roll. Neither am I in accord with the doctrine that the holder of the lien can first proceed against the abutting property, and upon failure to realize upon sale a sufficient sum to discharge the lien, costs, etc., he may subsequently proceed against the next adjacent back-lying property, and so on till all the property within the taxing district is exhausted. This would permit the lien holder to split up his demand and bring as many suits as there are property owners within the taxing district. There might be one, two, three or more of such property owners, and this would be manifestly unjust and inequitable, and necessarily lead to a multiplicity of suits. This is against

the policy of the law. The statute (§4290 Burns 1901, Acts 1889, p. 237, §3) declares that such a lien shall be foreclosed "as a mortgage is foreclosed," and that the lien holder shall recover the amount of the bond or certificate, interest and cost, and "a reasonable attorney's fee." By §4297 Burns 1901, Acts 1889, p. 237, §9, it is provided that in such foreclosure any number of "owners of property on which the same [certificates or bonds] are a lien, may be joined as defendants in such suit." Being true, as held in the case of *Voris* v. *Pittsburg Plate Glass Co.,* *supra,* that while the abutting property is primarily liable, the lien of the assessment attaches to all the back-lying property within the taxing district, whether the assessment or the name or names of the back-lying owner or owners appear upon the assessment roll, it necessarily follows that in a suit to foreclose the lien all the back-lying owners, under the statute, are proper defendants, and should be made such, to the end that litigation might be reduced to a minimum, and property owners might not be unnecessarily embarrassed by a multiplicity of suits and burdened by an accumulation of unnecessary costs and attorney's fees. While it is not probable, it is highly possible in such case that a half dozen property owners might own lands adjacent and within the taxing district and, if so, there may be six separate foreclosure suits. If six such suits, then six separate and distinct attorney's fees may be included and collected, and costs taxed and collected six times. To illustrate the point I have in mind: Suppose an assessment is made against abutting land for a street improvement in the sum of $500; suppose there are six separate tracts of land adjacent thereto and to each other within the taxing district owned by different persons. The lien holder first brings his suit to foreclose his lien on the abutting property. He is entitled to judgment for the amount of the assessment, the interest thereon, attorney's fees and costs. The property is sold under the decree and

purchased for $12, as one tract of land was in this case. His judgment remains unsatisfied. He then brings a second suit to foreclose the lien against the second tract, and he would be entitled to recover the amount of his former judgment, which included principal, interest, costs and attorney's fees, with interest thereon from the time of the rendition of the first judgment, and an additional sum for his attorney's fees and costs. The second tract of land would be advertised and sold and bid in for any amount— say $50. Still his lien is unsatisfied. Up to this time he has not realized enough from the sale of property to pay the costs and attorney's fees. He would then foreclose as against the third tract, and so on and in like manner until he should foreclose against all six tracts, including in each successive judgment the amount of the previous judgment or judgments and attorney's fees and costs. At the end he would have received and collected attorney's fees six times for the foreclosure of one assessment lien, and would have taxed to his credit the costs of each proceeding. This would invite and encourage litigation. The statute does not contemplate that this should be done, but, on the contrary, provides that any number of property owners shall be made parties. A reasonable construction of the expression "any number of property owners" would be that it includes all such owners against whose property the lien attaches. It would seem that in making such provision the legislature had in mind the possible condition referred to. Courts should not countenance such an unfair and inequitable proceeding, and I feel justified in registering my disapproval of it. This is emphasized by the fact that the respective rights of the lien holder and the abutting and back-lying property owners may all be adjudicated in one foreclosure. When this is done all the lands within the taxing district could be foreclosed against, advertised together for sale, and the abutting tract first sold; and, if it did not sell for enough to discharge the lien, the next

tract could be offered, and so on until all were sold, if necessary.

When equity affords relief against a multiplicity of actions, it would be a violent presumption to say that the legislature, by statute, intended to provide a remedy that would encourage litigation and multiplicity of suits; that would enable a litigious party to recover costs and attorney's fees over and over again, at his own election, in any number of actions, when the whole matter and every right he had could be determined in one suit. This would abrogate a rule, both of law and equity, as old as civil jurisprudence.

The record here shows that in the foreclosure proceedings against the abutting property, there was included as a part of the judgment an attorney's fee equal to about ten per cent of the amount of principal and interest then due. Also in this proceeding a like amount for attorney's fees was included in the judgment. It thus affirmatively appears that for the enforcement of a single assessment two attorney's fees, aggregating ten per cent of the amount of each judgment, have been included in the judgments, and which the property owners are required to pay.

Appellant in this action sought relief from this additional and unwarranted burden by moving to modify the judgment by deducting therefrom attorney's fees. This motion was overruled. It is insisted that the judgment should not include attorney's fees for two reasons: (1) That they are not asked or demanded in the complaint, and (2) because to do so would be to require appellant to pay two attorneys' fees in one suit. There is merit in this contention, for the record shows that the basis of this judgment is the amount of the judgment of the first foreclosure, including interest and cost, and which judgment included, also, a specific amount for appellees' attorney's fees. I cannot in good conscience assent to what seems to me to be so unjust and inequitable a rule. If such a rule

can obtain, then a lien holder in a street assessment case, who is possessed of a sinister motive and a speculative desire, could split up his demand to correspond to the number of property owners within the taxing district, bring his several suits accordingly, and in each succeeding case increase his demand by an additional attorney's fee and costs, and thus speculate at the expense of the defenseless property owner.

I have taken occasion to examine the record in the case of *Voris* v. *Pittsburg Plate Glass Co., supra,* and I find that the appellant there had first foreclosed his lien against two abutting lots, had them sold under the decree and bought them in himself for just enough to pay and satisfy the costs. In his subsequent proceeding against the plate glass company he made no demand for attorney's fees, and hence the question of his right to recover a second attorney's fee was neither involved nor decided in that case. It is therefore not authority upon the question I have had under consideration. It may be the law that such lien holder can maintain successive actions to foreclose the same lien, and in each successive action claim and recover successive attorney's fees, but if it is the law it is an unjust and inequitable one, and I feel that I am justified in expressing my disapproval of it. As the case of *Voris* v. *Pittsburg Plate Glass Co., supra,* however, rules this case as to to all questions there involved and decided, and I am bound by that decision, I reluctantly concur in overruling the petition for a rehearing. But if I had the power to declare the law, I would unhesitatingly hold that under the facts disclosed by this record the appellees are not entitled to recover in the second foreclosure proceeding additional attorney's fees.

Roby, J.—It is held in the case of *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599, that successive suits may be brought. This being so, the right to recover

**234    APPELLATE COURT OF INDIANA,**

Chicago, etc., R. Co. *v.* Southern Ind. R. Co.—38 Ind. App. 234.

costs and attorney's fees, incidents thereto, is not open to denial.

COMSTOCK, J.—The original opinion being based upon .*Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599, I concur in the conclusion that the petition for a rehearing should be overruled.