## DIVEN ET AL. v. BURLINGTON SAVINGS BANK.

[No. 5,963.   Filed December 17, 1907.]

1. TRIAL.—*Demurrers.—Waiver by Answer.*—Defendants by filing an answer without requiring a judgment on their demurrer theretofore filed, waive any question thereon. p. 679.
2. MUNICIPAL CORPORATIONS.—*Street Improvement Liens.—Back-lying Lots.*—Back-lying lots within 150 feet of a street improved under the provisions of §§4288-4294, 4296-4298 Burns 1894, Acts 1889, p. 237, and Acts 1891, p. 323, are liable, though the owners have no notice except such as the law requires to be published, for the payment of the cost of such improvement, if the lots fronting on such street do not sell for a sum sufficient to pay the assessment levied, even though the frontager signed a waiver as provided in such statutes. p. 679.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Suit by the Burlington Savings Bank against Laura M. Diven and others.   From a decree for plaintiff, defendants appeal.   *Affirmed.*

*William A. Kittinger* and *Patrick J. Casey,* for appellants. *Chester B. Masslich* and *Eugene Dupee,* for appellee.

MYERS, J.—Appellee, as the owner of a bond issued by the city of Anderson for the improvement of Locust street in said city, sued to foreclose the lien of certain unpaid assessments against various lots abutting upon said improvement, and also upon back-lying lots and lands within one hundred fifty feet of the improvement.   Special findings were submitted and conclusions of law stated thereon, and decree in favor of appellee foreclosing the assessment lien against the back-lying lands of appellants, and ordering that the same be sold to pay any balance unpaid after applying the proceeds from the sale of the abutting lots.

The record shows that the demurrer of appellants Diven and Diven to the complaint was sustained, but no judgment

was asked or rendered thereon. Thereafter, and without reference to the former ruling on the Diven demurrer, the trial court made a general ruling that all demurrers to the complaint were overruled, and defendants reserved an exception. They then filed separate answers, each pleading the general denial. Appellant Laura M. Diven filed two affirmative paragraphs of answer, to each of which a reply in denial was filed. Upon this state of the record appellants Diven and Diven insist that the findings to sustain the complaint against them were without the issues, and that the conclusions of law thereon do not support a decree against them. The facts disclosed by the record in this case, under the ruling of the court in *Gordon* v. *Culbertson* (1875), 51 Ind. 334, warrant the conclusion that the Divens, by their failure to insist upon a decree on the ruling of the court in sustaining their demurrer to the complaint and by filing answers to the complaint waived their right under such ruling. In the case cited it is said: ''The appellant, after the court had sustained his demurrers to the complaint, having pleaded to the complaint, without insisting upon judgment on demurrer, must be held to have waived the demurrer.''

The special findings show that under the act of March 8, 1889 (Acts 1889, p. 237), known as the Barrett law, as amended March 6, 1891 (Acts 1891, p. 323), such proceedings were had that Locust street in the city of Anderson was improved, and the property abutting such improvement was duly assessed for the cost thereof; that appellants owned back-lying property within one hundred fifty feet of the street thus improved; that the owner of the abutting property so assessed and described in the assessment roll filed a waiver as provided by law; that bonds were issued, one of which appellee, as owner, is seeking to have paid out of the proceeds from the sale of abutting lots and back-lying lands within one hundred fifty feet of said improvement. The findings also show that the

back-lying property sought to be sold was not increased in value by reason of said improvement, and that the owners thereof had no notice of any lien on their property, except such notices as were required to be published under the law in such proceedings. Upon these facts it is argued that the legislature does not have power, nor can it vest any tribunal with power, to make special assessments for street improvements outside of the actual benefits to the property shown by the enhanced value thereof on account of such improvement (*McKee* v. *Town of Pendleton* [1900], 154 Ind. 652; *Adams* v. *City of Shelbyville* [1900], 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484) ; and that where lots and tracts of land abutting upon a street improved under the Barrett law, and which are assessed for benefits by the action of the city engineer and the common council, and the owner of a lot so assessed for benefits, having signed a waiver by which he promises to pay the assessment, and the city has issued bonds, and the lot owner defaults, the holder of the bond can only foreclose the assessment actually made and fixed by the common council, and cannot foreclose against back-lying lands, not mentioned in any of the proceedings nor the assessment, although within one hundred fifty feet of the improvement. §§4290-4298 Burns 1901.

Appellants earnestly and forcefully urge both propositions as decisive of this case in their favor. The facts in the case at bar are so nearly like those in the cases of *Voris* v. *Pittsburg Plate Glass Co.* (1900), 163 Ind. 599, and *Cleveland, etc., R. Co.* v. *Porter* (1906), 38 Ind. App. 226, and the law, as announced in the case first cited being reaffirmed on petition to transfer the case last cited, so fully settles the controlling question in this case, that it would be useless for us to take the time and space to express our views on the law applicable to the facts found.

Judgment affirmed.